CITY OF LUDINGTON *v.* MICHIGAN ASSOCIATED
TELEPHONE COMPANY.

1. PUBLIC SERVICE COMMISSIONS—TELEPHONE RATES—REVIEW OF
    ORDERS—JURISDICTION.
    Jurisdiction to review orders of the public service commission rela-
        tive to telephone rates is vested solely in the Ingham circuit
        court, where, notwithstanding telephone statute itself spe-
        cifically provided for review in any circuit court, that statute
        also made applicable to regulation of telephones all laws so far
        as applicable then in force or that might thereafter be enacted
        regulating railroad companies and, while telephone regulation
        act had provisions for review at time of its enactment that
        were in terms and language identical with the review provisions
        of the previously-enacted railroad act, the latter act was sub-
        sequently amended to provide jurisdiction for review in the
        Ingham circuit court exclusively, it being clear the legislature
        intended to have but 1 method of review of orders of the com-
        mission with respect to the railroad and telephone companies
        (PA 1909, No 300, § 26, as amended by PA 1915, No 145;
        CL 1948, § 460.1 *et seq.;* § 460.51 *et seq.;* §§ 484.101, 484.-
        114).

2. STATUTES—REPEALS BY IMPLICATION—TITLE OF ACT.
    Repeal by implication may occur even though that effect may
        not be expressed in the title of the repealing act.

3. COSTS—APPEAL—BRIEFS.
    No costs are allowed appellee defendant which filed no brief on
        appeal.

Appeal from Mason; Neal (Max E.), J.   Sub-
mitted January 18, 1952.   (Docket No. 37, Calendar
No. 45,327.)   Decided April 7, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Generally as to repeal of statutes by implication, see 50 Am
    Jur, Statutes § 534 *et seq.*
[3] 14 Am Jur, Costs § 92.

Bill by City of Ludington against Michigan Public Service Commission and Michigan Associated Telephone Company to review order of Michigan Public Service Commission. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Eugene Christman,* for plaintiff.

*Plummer Snyder, George W. Loomis* and *Foster, Cummins, Snyder & Foster,* for defendant Michigan Associated Telephone Company.

Dethmers, J.   On its application and hearing had thereon defendant Michigan Associated Telephone Company was granted a rate increase by defendant Michigan Public Service Commission (M.P.S.C.) applicable to service in an area including plaintiff city of Ludington, located in Mason county. Plaintiff filed a bill for review in the circuit court of Mason county. Defendant company's motion to dismiss for lack of jurisdiction was granted by the trial court and plaintiff appeals.

Does the circuit court for the county of Mason have jurisdiction or does it repose exclusively in the circuit court for the county of Ingham?

The defendant commission was vested by PA 1939, No 3 (CL 1948, § 460.1 *et seq.* [Stat Ann 1951 Cum Supp § 22.13(1) *et seq.*]), with all the rights, powers and duties formerly exercised by the Michigan Public Utilities Commission (M.P.U.C.) and the Michigan Railroad Commission (M.R.C.). Section 4 of the act provided that review of M.P.S.C. orders should be in the manner then provided by law for the review of orders of the M.P.U.C. and the M.R.C.

PA 1919, No 419 (CL 1948, § 460.51 *et seq.* [Stat Ann § 22.1 *et seq.*]), abolished the railroad commission and transferred all its rights, powers and duties to the public utilities commission thereby created.

Section 9 of the act provided that review of M.P.U.C. orders should be in the manner then provided by law for reviewing orders of the railroad commission.

The Michigan Railroad Commission was created by PA 1909, No 300 (CL 1948, § 462.2 *et seq.* [Stat Ann § 22.21 *et seq.*]), and was given jurisdiction and powers of regulation over all common carriers as defined in the act. Section 26 of the act provided for review of railroad commission orders in any circuit court in chancery. Section 26 continued so to provide when the railroad commission was given jurisdiction over telephone companies by legislative action in 1913.

PA 1913, No 206 (CL 1948, § 484.101 *et seq.* [Stat Ann § 22.1441 *et seq.*]), gave the railroad commission jurisdiction to regulate telephone companies therein declared to be common carriers. Section 1 of the act provided that all laws so far as applicable then in force or that might thereafter be enacted regulating the transportation of persons or property by railroad companies should apply with equal force and effect to telephone companies. Section 14 of the act provided for review of railroad commission orders relating to telephone companies in any circuit court in chancery, in terms and language identical with the review provisions of section 26 of the railroad commission act of 1909.

PA 1915, No 145 (CL 1948, § 462.26 [Stat Ann § 22.45]), specifically amended section 26 of the railroad commission act of 1909, *supra,* so as to restrict to the Ingham county circuit court in chancery reviews of railroad commission orders. The amendatory act of 1915 read in part as follows:

"An act to amend section 26 of act number 300 of the public acts for the year 1909. * * *

"SECTION 1. Section 26 of act number 300 of the public acts for the year 1909, * * * is hereby amended to read as follows:

"SEC. 26. (a) *Any common carrier* or other party in interest, being dissatisfied with *any order* of the commission * * * may within 30 days from the issuance of such order and notice thereof commence an action in the circuit court in chancery for the county of Ingham, against the commission as defendant to vacate and set aside *any such order*."

It is significant that the provisions for review in the railroad commission act of 1909 and those in the telephone act of 1913 were identical and, further, that section 1 of the 1913 act provided that all laws so far as applicable thereafter to be enacted regulating transportation by railroad companies should apply equally to telephone companies. This clearly indicated a legislative intent that both then and, equally, in the future there should be 1 method for review of railroad commission orders regardless of whether the cases involved railroad companies or telephone companies. The amending act of 1915 provided that thereafter *any review* of railroad commission orders should be in the Ingham county circuit court. Plaintiff concedes that inasmuch as the 1915 act specifically amended section 26 of the 1909 railroad commission act, thereafter all other reviews of railroad commission orders were required to be had in the Ingham county circuit court, but contends that because the telephone act of 1913 was not specifically mentioned nor expressly amended or repealed in any particular by the act of 1915, therefore, as relates to telephone companies, the provision of the 1913 telephone company act, permitting reviews in any circuit court, remained in full force and effect despite the enactment of PA 1915, No 145. With that contention we are not in accord. Had the 1915 act made mention of no previous act whatsoever in providing simply that thereafter all reviews of railroad commission orders should be taken in the Ingham county circuit court, can there be any

doubt that the contrary provisions of acts of 1909 and of 1913 would thereby, in effect, have been repealed? We think not. Nor do we see in the mention of one act and failure to mention the other the indication of a legislative intent to provide for 2 methods of review, particularly when it is considered that the act of 1915 provides for the method of review by "any common carrier" dissatisfied with "any order of the commission" (railroad commission). Those terms are all-inclusive and leave no room for the idea that orders relating to telephone companies were not thereby embraced.

In point is *Southward* v. *Wabash Railroad Co.,* 331 Mich 138, in which we held that the death act of 1939* impliedly repealed article 5, sections 7 and 8, of the 1873 general railroad act,† where the title of the 1939 act expressly disclosed a legislative intent to repeal inconsistent acts, provisions in the 2 acts were inconsistent and the latter act provided that "all actions for such death" should be brought thereunder; that specific reference in the latter act to certain earlier acts would not preclude construction of the latter act as impliedly repealing inconsistent acts not specifically referred to, and that repeal by implication may occur even though that effect is not expressed in the title of the latter act. The mere fact that the title of the 1915 railroad commission act did not, as in the case of the 1939 death act, expressly disclose a legislative intent to repeal all inconsistent acts, does not impel to a different conclusion when it is noted that the language of the body of the 1915 railroad commission act is fully as expressive of a legislative intent to repeal inconsistent prior acts as in the case of the 1939 death act. Likewise, the pro-

---

* PA 1939, No 297 (CL 1948, § 691.581 *et seq.* [Stat Ann 1949 Cum Supp § 27.711 *et seq.*]).—REPORTER.

† PA 1873, No 198 (CL 1948, §§ 467.7, 467.8 [Stat Ann §§ 22.288, 22.289]).—REPORTER.

visions of the 1915 act and the 1913 act relating to which circuit court shall have jurisdiction to review railroad commission orders are as inconsistent as those considered in the *Southward Case*. Furthermore, the terms "any common carrier" and "any order of the commission" contained in the 1915 act are as all-inclusive as the language "all actions for such death" in the 1939 death act which we considered in the *Southward Case* to be persuasive of a legislative intent to repeal inconsistent provisions of prior acts. While we are favored with a review of rules of statutory construction and citations to the effect that repeals by implication are not favored, all of which are no doubt helpful under certain circumstances, in the final analysis legislative intent as expressed in the act must remain the guiding star. Here the identical provisions of the 1909 act and the 1913 act relating to judicial review, the mentioned provision of section 1 of the 1913 act and the all-embracing terms of the 1915 act leave no doubt concerning the legislative intent that after the effective date of the latter all reviews of the kind here in question should be had in the Ingham county circuit court in chancery.

Affirmed, with costs to defendant Michigan Associated Telephone Company only, the other defendant having filed no brief in this Court.

NORTH, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.