PEOPLE v. PICHITINO.

1. STATUTES—CONSTRUCTION—INTENT.
    Legislative intent as expressed in statute under consideration is the guiding star in the construction of the act.

2. GRAND JURY—AMENDATORY ACT—REPEALS.
    Amendatory act converting the so-called 1-man grand jury into a 3-man grand jury by amending only those sections of the code of criminal procedure pertaining to the 1-man grand jury did not repeal sections of the code providing for the 23-man grand jury either expressly or by implication (CL 1948, § 767.3 et seq., as amended by PA 1949, No 311).

3. CONSPIRACY—BRIBERY—INDICTMENT.
    Fact that 1 of the parties indicted for conspiracy to bribe was neither the giver nor taker of the bribe would not prevent such person from being properly charged with conspiracy (CL 1948, § 487.79).

4. GRAND JURY—SUBSEQUENT PERMISSIBLE USE OF TESTIMONY.
    The testimony of participants in a 23-man grand-jury proceeding may be taken only for the purpose of impeaching of grand-jury witnesses at a subsequent trial or on complaint against grand-jury witnesses and their trial on perjury charges resulting therefrom (CL 1948, § 767.19).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes § 223.
[2] Generally as to repeal of statute by implication, see 50 Am Jur, Statutes § 534 et seq.
[3] 11 Am Jur, Conspiracy §§ 7, 8.
[4–9] 24 Am Jur, Grand Jury §§ 47–50.
[4–9] Competency of grand juror to testify in a criminal prosecution to a voluntary statement or confession made by the defendant before the grand jury. 27 ALR 152.
    Duty of secrecy on part of members of, or witnesses or other persons present before, grand jury. 127 ALR 272.

5. SAME—EVIDENCE AS TO MANNER OF CONDUCT—STATUTES.

Testimony of members of a 23-man grand jury, the circuit judge, court reporters and attachés, concerning the conduct of prosecuting officers before the grand jury and the manner in which the work of the grand jury was handled was properly refused at hearing on motion to quash indictment presented, since it was not testimony as to grand-jury matters which statute permitted to be made public (CL 1948, § 767.19).

6. SAME—PROSECUTING ATTORNEY—DISQUALIFICATION.

Claims of defendants, indicted for conspiracy to bribe a bank president, that a prosecuting officer was disqualified to appear and act in proceedings of grand jury which returned the indictment *held*, not such as to vitiate the proceedings, where it does not appear that he had formerly represented bank in matters involving same facts as those supporting the indictments or that he had any financial interest or interest as representative in the matters involved in a criminal prosecution (CL 1948, § 49.158).

7. SAME—OATH OF SECRECY.

It is the legislative intent that grand-jury proceedings be secret and the statutory oath of secrecy, administered by the grand jury to witnesses and court attachés before it, is consistent with such intent and did not violate rights of parties indicted by the grand jury (CL 1948, § 767.9).

8. SAME—INSTRUCTIONS—RECORD.

Claim that circuit judge, after initial charge to 23-man grand jury, from time to time thereafter charged them again *held*, not borne out by record on appeal from denial of motion to quash indictment presented by such grand jury.

9. SAME—RETURN OF INDICTMENT.

Fact that indictments of 23-man grand jury were returned to the circuit judge in the grand-jury room rather than in the courtroom and that the court's charge to the grand jury was prejudicial *held*, without merit, where record on appeal from denial of motion to quash indictments failed to disclose anything impairing defendants' rights.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 15, 1953. (Docket No. 86, Calendar No. 45,568.) Decided June 8, 1953. Rehearing denied October 5, 1953. Certiorari denied by the Supreme Court of the United States February 2, 1954.

John D. Pichitino and Fred T. Stein were indicted for conspiracy. Motion to quash denied. Defendants appeal. Affirmed.

*Frank G. Millard,* Attorney General, *George H. DeMund,* Prosecuting Attorney, and *E. Stanley Everett* and *William C. Burke,* Assistant Prosecuting Attorneys, for the people.

*I. A. Capizzi, Alfonso A. Magnotta,* and *Cobb, Wilder & Nielsen,* for defendants.

DETHMERS, C. J. Defendants appeal from denial of their motion to quash an indictment returned against them by a 23-man grand jury. They contend that PA 1949, No 311,* abolished the 23-man grand jury. Reliance is placed upon the provision of that act that whenever a complaint shall be filed with or referred to a circuit judge and he shall have probable cause to suspect that a crime shall have been committed he *"shall forthwith* call 2 other judges" to act *en banc* with him and, if they shall determine that there is probable cause to suspect the commission of such crime and that any person may be able to give material evidence with respect thereto, they may, in their discretion, direct an inquiry, by themselves as a 3-man grand jury, to be conducted in the manner provided by that act. Defendants say that the quoted words "shall forthwith" admit of no other construction than that they are mandatory, and that the language of this act pre-empts the field, thus repealing, by implication, all other, pre-existing laws of inquiry and indictment in criminal cases. They cite a number of cases to the effect that the word "shall" is mandatory, while plaintiff cites others in which it was held to be permissive only. De-

---

* Amending CL 1948, § 767.3 *et seq.* (Stat Ann 1949 Cum Supp § 28.943 *et seq.*).—REPORTER.

fendants also cite cases holding that an act containing no express repealing clause may, nevertheless, repeal, by implication, all previous inconsistent or repugnant acts or those occupying ground wholly covered by the new act. Plaintiff, in turn, cites cases for the proposition that repeals by implication are not favored and are not permitted, if they can be avoided by any reasonable construction of both statutes, unless the intent to repeal very clearly appears or the 2 acts are so incompatible that both cannot stand. The conclusion to be drawn from them all is set forth in *City of Ludington* v. *Michigan Associated Telephone Co.,* 333 Mich 79, as follows:

"In the final analysis legislative intent as expressed in the act must remain the guiding star."

Did the legislature, in enacting PA 1949, No 311, intend to repeal existing statutory provisions for the 23-man grand jury? The act does not say so in express language but, on the contrary, the title and section 1 expressly state that the act is for the purpose of amending sections of the criminal code which relate solely to the so-called 1-man grand jury. To read into the act an intent to abolish the 23-man grand jury and to repeal the sections providing therefor is to give it a purpose and effect other and different than expressly stated therein.

Are the statutory provisions for a 23-man grand jury repugnant to and incapable of standing together with those of Act No 311? The history of legislation in this field indicates a negative answer. The 23-man (not less than 16 nor more than 23—see *People* v. *Lauder,* 82 Mich 109, and statutes therein cited) grand jury existed under Revised Statutes of 1846, ch 164. PA 1859, No 138, provided for the first time for criminal prosecutions based upon informations, to be conducted in the same manner as in cases of like prosecutions upon indictments, but section 7

thereof provided for continued drawing of grand juries when directed by the court. Thus the 2 methods of initiating criminal prosecutions stood side by side within the framework of Michigan law, equally available and with no apparent incompatibility. In 1917 the 2 were joined by a third, the so-called 1-man grand jury, provided by PA 1917, No 196. No repugnancy was evident between them. That this was the legislative view is manifest from the fact that in the adoption of the code of criminal procedure (PA 1927, No 75 [CL 1948, § 760.1 *et seq.* (Stat Ann § 28.841 *et seq.*)]) the 3 methods were retained (see chapter 7, sections 1 and 2, relating to informations, sections 3 to 6, to 1-man grand juries, and sections 7 to 23, to 23-man grand juries). Clearly, the legislature discerned no inability of the 3 methods to stand together. Defendants stress the many claimed advantages of the 1-man grand jury over the old 23-man method in increased efficiency and effectiveness as being persuasive of a legislative intent to abolish the old method. The answer is that, after providing for the 1-man grand jury in 1917, the legislature, nevertheless, in adopting the criminal code of 1927, preserved both.

In support of their claim that Act No 311 was intended by the legislature to occupy the field exclusively, defendants stress the fact that it contained numerous provisions designed to correct abuses which had sprung up in grand-jury operations. They say that such abuses could be indulged in connection with the 23-man as well as with the 1-man grand jury. Act No 311, expressly amending provisions relating to the 1-man grand jury but making no mention of the 23-man grand jury, discloses a different view. Courts need not be blind to the fact that certain practices in the operation of 1-man grand juries had incurred legislative displeasure and prompted the enactment of Act No 311. As defendants point

out, the 23-man grand jury had been employed but seldom. Nowhere does it appear that it had incurred any legislative disfavor. We can only conclude that the legislature, in adopting the act, intended precisely what is indicated by its language limiting its scope to amendment of provisions relating to 1-man grand juries. There was no repeal by implication.

The indictment charged that defendants conspired with one Edrington to violate CL 1948, § 487.79 (Stat Ann 1943 Rev § 23.829), by agreeing that defendant Pichitino, as president of a State bank, should receive a consideration from Edrington in return for which the latter was to procure a loan from the bank. Defendants say this fails to charge a crime; that a concert and plurality of agents is necessary to consummate the offense charged to have been the object of the conspiracy and that, in such situations, indictment for conspiracy to commit that offense will not lie. Here 3 parties conspired to cause the unlawful bribing of one by a second of the conspirators; the third was neither a giver nor taker of a bribe. Defendants' contentions in this respect are disposed of in *People* v. *Simms,* 322 Mich 362, and cases therein cited, as, also, by language appearing in 11 Am Jur, Conspiracy, § 20, where, in discussing the rule contended for by defendants here, it is said that:

"Likewise, if the alleged conspiracy is not between the immediate participants in the offense, but is between one or more of such participants and a third party or parties, the theory of the rule would render it inapplicable, even though the substantive offense is one which requires concerted action."

Defendants complain of the court's refusal to allow them, in support of their motion to quash, to introduce the testimony of members of the grand jury, the circuit judge, court reporters and court at-

tachés, concerning the conduct of prosecuting officers before the grand jury and the manner in which the work of the grand jury was handled. CL 1948, § 767.19 (Stat Ann § 28.959), limits the taking of such testimony to 2 purposes: (1) The impeachment of grand-jury witnesses at a subsequent trial, and (2) on complaint against grand-jury witnesses and their trial on perjury charges resulting therefrom. Under our holding in *People* v. *Lauder, supra; People* v. *Thompson,* 122 Mich 411; *In re Archer,* 134 Mich 408; *Bennett* v. *Stockwell,* 197 Mich 50 (LRA1917F, 761, Ann Cas 1918E, 1193); and *People* v. *Butler,* 221 Mich 626, defendants' offer of testimony in this connection was properly rejected.

Concerning defendants' claim of attempts by prosecuting officers to improperly influence, direct and control the grand jury, we agree with the statement of the trial court, contained in its opinion denying the motion to quash, as follows:

"While defendants, in their affidavits as filed with said motion to quash and the ones introduced at the hearing on said motion, seem to insinuate, may we say, a great many acts on the part of the prosecutor and his assistant, which if true, might be considered improper conduct, however, a study of said affidavits will reveal that most of the affidavits are based upon information and belief, and those that are not, merely state conclusions and inferences of misconduct, and are not based upon facts; and that such matters as are based on facts, are not of such a character that the court can say that improper direction and control was exercised over the grand jury so as to vitiate their indictments."

The trial court found, concerning defendants' claims of disqualification of prosecuting officers to appear and act in the grand-jury proceedings, that the record does not disclose that matters in which one of them had formerly represented the bank in

question involved the same facts as those supporting the indictments, or that he represented defendants in suits depending on facts involved in the criminal proceedings, or that he had any financial interest in the latter; that it was not shown that the prosecutor was retained in any suit involving the same set of facts as those in any criminal prosecution; that, accordingly, the grand-jury proceedings were not vitiated. In this the trial court was correct. See CL 1948, § 49.158 (Stat Ann § 5.756); *Meister* v. *People,* 31 Mich 99; *People* v. *Cook,* 223 Mich 291; *Webber* v. *Barry,* 66 Mich 127 (11 Am St Rep 466).

Defendants complain of the court's having required the grand jurors to administer an oath of secrecy to witnesses and court attachés appearing before it. CL 1948, § 767.9 (Stat Ann § 28.949), requires such oath of grand jurors. The legislative intent that grand jury proceedings be secret is manifest. The oath complained of is consistent therewith and in nowise violated the rights of the defendants. *People* v. *Thompson, supra.*

The claim that the circuit judge, after his initial charge to the grand jury, from time to time thereafter charged them again is not borne out by the record. Complaints relating to the indictments being returned to the circuit judge in the grand-jury room rather than in the courtroom and that the court's charge to the grand jury was prejudicial are without merit, particularly because nothing in the record discloses that anything in this connection served to impair defendants' rights.

Affirmed.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.