PEOPLE v. TINCHER.

1. CRIMINAL LAW—PRELIMINARY EXAMINATION—EVIDENCE.
   Evidence adduced at preliminary examination on charge of conspiracy to bribe warranted a finding of probable cause that defendant was guilty of the crime charged, hence, he was properly bound over to circuit court for trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 443, 449, 450.
[2, 3] 16 Am Jur 2d, Conspiracy § 36.

2. CONSPIRACY—EVIDENCE.
   Conspiracy may be established by circumstances and may be based on inferences.

3. SAME—EVIDENCE.
   Trial court's finding of guilt of defendant of conspiracy to bribe *held,* proper, where testimony given by police officer concerning his relationship to defendant, conversations with defendant in parking lot near illegal gaming operation, and telephone conversations negated any possible theory of innocence, and showed sufficient knowledge of conspiracy by defendant, acts in furtherance of the conspiracy, and benefits to be derived from it (CL 1948, § 750.117; CLS 1961, § 750-.505).

Appeal from Oakland, Ziem (Frederick C.), J. Submitted Division 2 June 4, 1968, at Lansing. (Docket No. 4,645.)  Decided June 24, 1968.

Odus Tincher was convicted of conspiracy to bribe.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel and *Bruce T. Leitman,* Assistant Prosecuting Attorney, for the people.

*Jerome K. Barry* (*Charles J. Porter,* of counsel), for defendant.

PER CURIAM.  Defendant was convicted on June 16, 1966, by the court, sitting without a jury, of conspiracy to bribe.*  On appeal defendant Tincher raises the issue of the sufficiency of evidence to bind him to the circuit court for trial, and, further, challenges the sufficiency of evidence to support the conviction upon trial for the offense charged.

_____

* CL 1948, § 750.117 (Stat Ann 1962 Rev § 28.312); CLS 1961, § 750.505 (Stat Ann 1954 Rev § 28.773).

A review of the record indicates sufficient evidence, if believed by the magistrate, to warrant a finding of probable cause that defendant was guilty of the crime charged and he was properly bound over to circuit court for trial.

Further, a review of the trial record indicates evidence, if believed by the trial court, which is the sole trier of fact, sufficient to connect the defendant Tincher with the conspiracy and to warrant a finding of guilty beyond a reasonable doubt. " 'Conspiracy may be established by circumstances and may be based on inferences.' " *People* v. *Roxborough* (1943), 307 Mich 575, 584.

A review of the testimony of police officer Lieutenant Meggitt concerning his relationship with the defendant Tincher and his conversations with him in the parking lot near the illegal gaming operation, and his telephone conversations, negates any possible theory of innocence. See *People* v. *Spann* (1966), 3 Mich App 444.

The testimony of Lieutenant Meggitt indicates sufficient knowledge on the part of the defendant of the conspiracy and acts in furtherance thereof and benefits derived therefrom. See *People* v. *Cooper* (1950), 326 Mich 514; *People* v. *Newsome* (1966), 3 Mich App 541; *People* v. *Pichitino* (1953), 337 Mich 90.

Affirmed.

LESINSKI, C. J., and BURNS and FENLON, JJ., concurred.