## PEOPLE v. WIMBERLY

OPINION OF THE COURT

1. GRAND JURY — TESTIMONY — WITNESSES — CRIMINAL LAW — DISCOVERY.

Order of circuit judge that a prosecuting attorney deliver to defendant all testimony of witnesses before a 23-man grand jury who will testify at trial and other grand jury testimony relevant to guilt or innocence of the defendant except for testimony of secret informers was proper.

2. CRIMINAL LAW—TRIAL.

A criminal trial is an inquiry primarily directed toward the fair ascertainment of truth.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 331.
[2]  21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.
[3]  21 Am Jur 2d, Criminal Law § 225.
[4]  42 Am Jur, Prosecuting Attorneys §§ 19–21.
[5, 11]  38 Am Jur 2d, Grand Jury §§ 39–41.
[6, 7, 9, 12]  21 Am Jur 2d, Criminal Law § 331.
[8]  38 Am Jur 2d, Grand Jury §§ 37–41.
[10]  29 Am Jur 2d, Evidence §§ 5, 249, 251.

3. CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—WHOLE TRANSACTION—SUPPRESSION OF TESTIMONY.

Object of prosecution of an accused is to show the whole transaction whether it tends to prove guilt or innocence and a prosecutor has no right to suppress testimony.

4. DISTRICT AND PROSECUTING ATTORNEYS—DUTY—EVIDENCE.

Prosecuting attorney has a duty to furnish all evidence within his power bearing upon the issue of guilt or innocence in relation to the main issue or to give some good excuse for not doing so.

5. GRAND JURY—SECRECY—REASONS.

When the reasons which support the purpose for a 23-man grand jury secrecy no longer exist then the law commanding that secrecy should not control.

6. GRAND JURY—TRANSCRIPT—DISCOVERY—RELEASE TO DEFENDANT—BURDEN OF PROSECUTOR.

A defendant need not show some particularized need before he may have access to any portion of a 23-man grand jury transcript; the burden is on the prosecutor to defend the grand jury storehouse of testimony.

7. GRAND JURY—TESTIMONY—WITNESSES—TRIAL.

Once a witness has testified at a criminal trial the defendant is entitled to all the testimony that witness gave before a 23-man grand jury relevant to the defendant's guilt or innocence.

8. GRAND JURY — TESTIMONY — SUPPRESSION — RELEVANCY — WITNESSES — DISTRICT AND PROSECUTING ATTORNEYS.

Prosecutor wishing to suppress testimony of witnesses before a 23-man grand jury must establish pursuant to an *in camera* inspection by the trial judge that that testimony is not relevant to a defendant's guilt or innocence.

9. DISCOVERY — PRETRIAL DISCOVERY — GRAND JURY — SECRECY — TESTIMONY — DISCRETION.

Pretrial discovery of testimony before a 23-man grand jury rests in the sound discretion of a trial judge and, in exercising that discretion, the judge might require that a particularized need be shown by defendant or proof that none of the traditional reasons for secrecy controls in his case.

10. CRIMINAL LAW—TRIAL—EVIDENCE.

Trial court has inherent power to control the admission of evidence in a criminal prosecution so as to promote the interests of justice.

Dethmers, Kelly, and Black, JJ.

11. Grand Jury—Secrecy—Public Policy.

*Grand jury secrecy is deeply rooted in tradition in Michigan and is generally supported by the state courts.*

12. Grand Jury—Transcript—Pretrial Discovery—Release to Defendant.

*A defendant is not entitled to the minutes of a 23-man grand jury which indicted him which he sought, not solely for a particularized need such as impeachment or refreshment of a witness' recollection, but rather for the general discovery purpose of examining the complete body of testimony and then selecting what favors him at trial.*

Appeal from Wayne, Nathan J. Kaufman, J., and from Court of Appeals prior to decision. Submitted January 14, 1970. (Calendar No. 8, Docket No. 52,456.) Decided September 25, 1970.

Motion by defendant charged with larceny in a building for the production of a grand jury transcript covering the testimony of four witnesses indorsed on the information. Motion granted. The people appealed to the Court of Appeals and applied to the Supreme Court for leave to appeal prior to decision by Court of Appeals. Leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Aloysius J. Suchy,* Chief of Civil Division, and *Roy C. Hayes, Jr., Stephanie Masias,* and *Rheo C. Marchand,* Assistant Prosecuting Attorneys, for the people.

*Louisell & Barris* (by *Neil H. Fink*), for defendant.

T. G. Kavanagh, J. A 1968 Wayne County 23-man grand jury returned a true bill charging Calvin Wimberly with the crime of larceny in a build-

ing (MCLA § 750.360 [Stat Ann 1954 Rev § 28.592]).
While the trial jury was being impanelled, defendant
moved for the production of the grand jury tran-
script covering the testimony of the four witnesses
indorsed on the information. On April 14, 1969, the
trial judge, the Honorable Nathan J. Kaufman, en-
tered the following order:

"Ordered that the plaintiff forthwith deliver to
the defendant all of the testimony of the witnesses
who testified before the grand jury in relation to
this cause and who will testify at the trial of this
cause, and any other testimony given to the grand
jury by any witnesses relevant to the issue of the
guilt or innocence of the defendant, and it is further
ordered that the within order of this court shall not
apply to any secret informers who have appeared
and testified before the grand jury, and further, if
the plaintiff does not wish to disclose the testimony
of any person it considers such an informer, then it
shall advise the court, and the court shall make an
'in camera inspection' of the testimony given by
such person and the court shall then make a deter-
mination as to whether or not that testimony shall
be disclosed to the defendant."

The prosecutor on appeal challenges the validity
of such an order. He contends that the scope of
the order is far broader than Michigan law and
precedent allow and for this reason he requests we
reverse it. The statutes and references to the case
law upon which he relies may be found at MCLA
§ 767.1 et seq. (Stat Ann 1954 Rev § 28.941 et seq.).

We are mindful of the deeply rooted traditions
of grand jury secrecy represented throughout the
Michigan case law. Nevertheless, we observe the
emergent trend towards the broadest form of dis-
covery in both criminal and civil trials and the
prosecutor's duty to produce at trial all the evidence
relevant to the defendant's guilt or innocence.

"The legal concept of a criminal trial has changed considerably in modern times. It is seen less as an arena where 2 lawyer gladiators duel with the accused's fate hanging on the outcome and more as an inquiry primarily directed toward the fair ascertainment of truth. 'The purpose of broad discovery is "to promote the fullest possible presentations of the facts, minimize opportunities for falsification of evidence, and eliminate vestiges of trial by combat." ' *State* v. *Tune* [1953], 13 NJ 203, 210 (98 A2d 881, 884)."[1] "These developments are entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." *Dennis* v. *United States* (1966), 384 US 855, 870 (86 S Ct 1840, 1849; 16 L Ed 2d 973, 984).

We further note:

"The only legitimate object of the prosecution is to show the whole transaction as it was, whether its tendency is to establish the guilt or innocence of the accused. *Hurd* v. *People* [1872], 25 Mich 405; *People* v. *Etter* [1890], 81 Mich 570. A public prosecutor has no right to suppress testimony. *Wellar* v. *People* [1874], 30 Mich 16. It is the duty of the prosecuting attorney to furnish all the evidence within his power bearing upon the issue of guilt or innocence in relation to the main issue or to give some good excuse for not doing so. *People* v. *Swetland* [1889], 77 Mich 53; *People* v. *Germaine* [1894], 101 Mich 485." *People* v. *Dellabonda* (1933), 265 Mich 486, 500.[2]

---

[1] *People* v. *Johnson* (1959), 356 Mich 619, 621, 628.

We noted in *Johnson* that at common law no defendant had any right to discovery of prosecution evidence. Nonetheless we held: "We are aware, of course, that appellant's claim in the instant case is founded upon no Michigan rule or statute. We believe the discretion we speak of is found in the inherent power of the trial court to control the admission of evidence so as to promote the interests of justice." (P 628.)

[2] See *People* v. *Davis* (1884), 52 Mich 569 where we said:

We are, then, confronted with a conflict between the traditional reasons for secrecy and the desirability of discovery.  In resolving this conflict, we must recall the purpose secrecy serves in grand jury effectiveness and balance it against the requirement of fairness for all defendants in their resulting trials.  This leads us to the conclusion that when the reasons which support the purpose for grand jury secrecy[3] no longer exist the law should not control.[4]  And, conversely, when the need for secrecy

---

"In this case the prosecutor testified that on a particular day and at a place specified he witnessed the commission of the crime charged.  The defense then offered to show that in laying the case before the prosecuting officer the prosecutor stated that on the day and at the place specified he witnessed nothing wrong between the parties.  If he did so state at that time, when he was laying before the public authorities the very case they were to prosecute, and if he now swears to a case altogether different, it may well be argued that he is unworthy of belief; and the state has no interest in interposing any obstacle to the disclosure of the facts, unless it is interested in convicting accused parties on the testimony of untrustworthy persons.  But surely the state has no such interest; its interest is that accused parties shall be acquitted unless upon all the facts they are seen to be guilty; and if there shall be in the possession of any of its officers information that can legitimately tend to overthrow the case made for the prosecution, or to show that it is unworthy of credence, the defense should be given the benefit of it.  There was, therefore, no privilege to preclude the giving testimony for which the defense called."  (Pp 573, 574.)

[3] See Justice Brennan, dissenting, in *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 US 395, 405 (79 S Ct 1237, 3 L Ed 2d 1323):

"Essentially four reasons have been advanced as justification for grand jury secrecy.  (1) To prevent the accused from escaping before he is indicted and arrested or from tampering with the witnesses against him.  (2) To prevent disclosure of derogatory information presented to the grand jury against an accused who has not been indicted.  (3) To encourage complainants and witnesses to come before the grand jury and speak freely without fear that their testimony will be made public thereby subjecting them to possible discomfort or retaliation.  (4) To encourage the grand jurors to engage in uninhibited investigation and deliberation by barring disclosure of their votes and comments during the proceedings."

[4] See Justice Brennan, dissenting, in *Pittsburgh Plate Glass Co.* v. *United States* (1959), 360 US 395, 403 (79 S Ct 1237, 1242, 1243; 3 L Ed 2d 1323, 1328):

"Grand jury secrecy is, of course, not an end in itself.  Grand jury secrecy is maintained to serve particular ends.  But when secrecy will not serve those ends or when the advantages gained by

outweighs the need for disclosure, secrecy should prevail.

Until now, we have held in Michigan that before any defendant could have access to any portion of the grand jury transcript he must show "some" particularized need. The citadel of grand jury secrecy however rarely yielded to discovery.

But as the defendant-assault on the bastion of the grand jury storehouse of testimony intensified the citadel weakened; reflections on the grand jury's function increased and a slow shift occurred.[5] We hold today that the burden should properly be on the prosecutor to defend the storehouse and not upon the defendant to assault it.[6]

Once a witness has testified at trial we hold as a matter of law that the traditional reasons for secrecy no longer exist and, as a matter of right, the defendant is entitled to all the testimony that witness gave before the grand jury relevant to the defendant's guilt or innocence. If the prosecutor wishes to suppress any testimony such witness gave

---

secrecy are outweighed by a countervailing interest in disclosure, secrecy may and should be lifted, for to do so in such a circumstance would further the fair administration of criminal justice."

[5] See, for example, *People* v. *Karoll* (1946), 315 Mich 423, 431, 432:

"In the present case, there was no reason given for refusing defense the right to see all of defendant's testimony given. There can be readily seen the absolute injustice and unfairness of picking out isolated sentences of testimony of a witness before the grand jury, when he is made a defendant in a subsequent case, and denying him the right to see the testimony so that his counsel may bring out any explanatory matters relevant to these isolated answers, if this can be done without jeopardizing the work of the grand jury. A denial without a good reason is improper and should not be repeated on a new trial."

[6] "Under these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact. Exceptions to this are justifiable only by the clearest and most compelling considerations." *Dennis* v. *United States, supra,* at 873 (86 S Ct at 1851, 16 L Ed 2d at 985).

before the grand jury, he must establish that it is not relevant to the defendant's guilt or innocence. Any such request for retention of grand jury records must be determined pursuant to an *"in camera* inspection" by the trial judge of the testimony the prosecutor possesses and wishes to keep secret.

We hold that *prior to trial* the trial judge possesses the discretion in the interests of a fair trial to release any and all of the grand jury testimony relevant to the guilt or innocence of the defendant to the crime charged. In exercising his discretion, the trial judge might require that a particularized need be shown by the defendant or proof that none of the traditional reasons for secrecy controls in his case.[7] In any event, this pre-trial discovery rests in the sound discretion of the trial judge.

As we said in *People* v. *Johnson* (1959), 356 Mich 619, we base our holding upon the inherent power of the trial court to control the admission of evidence so as to promote the interests of justice.

We do not have before us the secrecy provision of the "one man grand jury" statute.

We find no abuse of discretion in Judge Kaufman's order in this case.

Affirmed.

T. E. BRENNAN, C. J., and T. M. KAVANAGH and ADAMS, JJ., concurred with T. G. KAVANAGH, J.

KELLY, J. (*dissenting*). I am in agreement with my Brother's statement that we are "confronted with a conflict between the traditional reasons for secrecy and the desirability of discovery," and are "mindful of the deeply rooted traditions of grand jury secrecy represented throughout the Michigan

---

[7] See p 3, fn 3, *supra.*

case law," and would add to these statements that Michigan's "deeply rooted traditions of grand jury secrecy" are "generally supported by the state courts"—see 20 ALR3d 7, 23.

I do not agree that the fact that "We do not have before us the secrecy provision of the 'one man grand jury' statute" in any way justifies the abandonment of our decisions of the past, *People v. Pichitino* (1953), 337 Mich 90; and in that regard call attention to the following from defendant Calvin Wimberly's brief:

"Appellee is not unmindful of *People v. Pichitino* [1953], 337 Mich 90, which indicates that the intent of the legislature is that the 23-man grand jury procedure should retain its common-law secrecy. The language in *Pichitino* seems to place Michigan in the same position, in this area, as the federal jurisdictions, which have recognized the 'long established policy that maintains the secrecy of the grand jury proceeding in the federal courts.' *United States v. Procter & Gamble Company* (1958), 356 US 677, 682, 683 (78 S Ct 983, 986; 2 L Ed 2d 1077, 1082). This realization, of course, must be the beginning and not the end of our inquiry."

I quote with approval the following from plaintiff-appellant's brief:

"[T]he trial court has presumably decided that a defendant is entitled to the minutes of the grand jury which indicted him—not solely for use pursuant to a particularized need such as impeachment or refreshment of a witness as the controlling weight of authority has held until now, but rather for the general discovery purpose of examining the complete body of testimony and then selecting what favors him at trial.

"In this position, the learned trial judge is not sustained by the weight of authority either in this state or in the federal cases."

We grant plaintiff's request "that the order of the trial court, entered on April 14, 1969, by the Honorable Nathan J. Kaufman be set aside and held for naught."

Reversed.

DETHMERS and BLACK, JJ., concurred with KELLY, J.