*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAMONT B. HEARD,

       Plaintiff-Appellant,

v

OAKLAND COUNTY CIRCUIT COURT CLERK
and OAKLAND COUNTY PROSECUTOR OFFICE
PROSECUTOR,

       Defendants-Appellees.

UNPUBLISHED
December 21, 2023

No. 364571
Oakland Circuit Court
LC No. 22-193227-CZ

Before: JANSEN, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff Lamont Bernard Heard, proceeding *in propria persona*, appeals as of right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (genuine issue of material fact), denying plaintiff's motion for a writ of mandamus, and dismissing plaintiff's complaint with prejudice. We affirm.

In 1999, plaintiff was convicted, following a jury trial, of first-degree premediated murder, MCL 750.316(1)(a), conspiracy to commit first-degree murder, MCL 750.157a, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced him to life imprisonment for the first-degree murder and conspiracy convictions, and consecutive two-year terms for the felony-firearm convictions. This Court affirmed defendant's convictions and sentences in *People v Heard*, unpublished per curiam opinion of the Court of Appeals, issued June 28, 2002 (Docket No. 221827), lv den 468 Mich 872 (2003).

Plaintiff's convictions stemmed from the 1995 shooting death of Lonnie Adams. *Heard*, unpub op at 2. A citizens grand jury convened between May and September of 1998 and returned indictments against plaintiff. A preliminary examination was held in November and December 1998. Plaintiff and three codefendants were bound over and tried together.

Before trial, on September 15, 1998, the prosecutor and plaintiff's attorney stipulated that the testimony of all grand-jury witnesses was to be delivered to plaintiff's attorney as provided by

-1-

MCR 6.107(B)(4). The trial court entered an order providing that "the Grand Jury transcripts of witness testimony be released as provided by MCR 6.107(B)(4), and provided as agreed upon by the parties." The prosecutor sent plaintiff's defense attorney a letter that stated:

> Please find enclosed Peoples Discovery pages 1-443 and Peoples Witness List. Also find included *all witness testimony presented before the Citizens Grand Jury*. [Emphasis added.]

The letter also advised plaintiff to contact the prosecutor if any discovery or transcript pages were missing.

In 2019, plaintiff filed a motion for relief from judgment and to unseal the grand-jury file, which the trial court denied. The trial court also noted that the grand-jury transcripts had been provided to plaintiff's trial counsel, who had possession of those transcripts when cross-examining witnesses. Therefore, the trial court declined to order the grand-jury record unsealed and to provide defendant with a copy of the grand-jury file.

On December 18, 2020, plaintiff filed an action against the Oakland Circuit Court for declaratory and injunctive relief in LC No. 20-185286-CZ. Plaintiff sought a judgment declaring that he had a due-process right to the grand-jury file and transcripts in his criminal matter. Plaintiff also sought an injunction requiring that he be provided the requested grand-jury documents. The trial court noted that, under MCR 6.107(B)(2), a request for a grand-jury record and transcripts must be made within 14 days after the arraignment or indictment, or within a reasonable time thereafter. The court also noted that plaintiff's instant request for the grand-jury record and transcripts came two decades after his arraignment or indictment. The court further noted that much of the record had previously been provided to plaintiff and the only missing records were excerpts of a transcript where a witness had been excused and a separate record was made. The trial court did not believe that any relief was appropriate because plaintiff had been provided with the grand-jury transcripts, plaintiff was requesting the record years after the grand jury convened, and there was no evidence that the missing pages plaintiff was requesting touched on his guilt or innocence. Although plaintiff had requested that the trial court order the prosecutor's office to search for and provide the requested records, the trial court noted that it was the circuit court, not the prosecutor's office, that was required to preserve the transcripts and the prosecutor's office was not a party to plaintiff's action. The trial court agreed that the circuit court failed to comply with its duty to preserve the transcripts, and it also found that the grand-jury file did not contain any other evidence or exhibits. However, the trial court ruled that the circuit court's noncompliance did not affect plaintiff's request for a remedy, which the court found to be unclear beyond providing the missing transcript pages, which were unavailable. Accordingly, the court dismissed plaintiff's claims.

Thereafter, plaintiff filed the instant action on March 22, 2022, against the Oakland Circuit Court Clerk and the Oakland County Prosecutor's Office. In his complaint, plaintiff alleged that defendants deprived him of his due-process rights, the effective assistance of counsel, and an effective appeal by refusing to comply with MCL 767.6a. Plaintiff alleged that because there was no longer an active investigation, there was no longer a need for secrecy of the grand-jury file and the file should have been given to plaintiff. Plaintiff also sought a writ of mandamus against the Oakland County prosecutor for failing to comply with the statute, which deprived plaintiff of an

adequate defense at trial and an effective appeal. Plaintiff alleged that the clerk's failure to ensure compliance with MCL 767.6a also contributed to plaintiff's injuries. Plaintiff asked the trial court to issue a judgment declaring that plaintiff has a due-process right to the grand-jury records and issue a writ of mandamus directing the prosecutor to comply with MCL 767.6a. Plaintiff also asked the trial court to direct the clerk to comply with the statute and hold that the law of secrecy no longer applied and provide plaintiff with the requested documents and files.

Defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (8). Following a hearing, the trial court granted defendants' motion pursuant to MCR 2.116(C)(8) and (10), denied plaintiff's request for writ for mandamus, and dismissed plaintiff's complaint with prejudice. The court stated that plaintiff's previous lawsuit determined that he had already received all of the existing grand-jury information to which he was entitled. The trial court further found that there was no authority by which defendants had the responsibility to provide grand-jury documents upon request. Rather, MCL 767.4, MCL 767.6a, and MCL 767.19f(1) mandated that grand-jury proceedings are secret and records are sealed. The trial court stated that MCL 767.6a and MCR 6.107(b) set forth procedures by which a defendant must request grand-jury records, which plaintiff did not follow in this case. Because defendants did not have an independent duty to provide grand-jury records to plaintiff, plaintiff could not establish that defendants violated his constitutional rights by not providing the requested records.

On appeal, plaintiff argues that the trial court erred by granting defendants' motion for summary disposition because the court's decision was based on factual errors and because the Oakland County Prosecutor was obligated to produce any exculpatory evidence contained in the grand-jury file. These arguments are without merit.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court granted defendants' motion under MCR 2.116(C)(8) and (10). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Id.* (emphasis omitted). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id.* at 160. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id.* Pursuant to MCR 2.116(C)(10), summary disposition is appropriate if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A genuine issue of material fact exists when the evidence presented "leave[s] open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013) (quotation marks and citation omitted).

Although defendants did not move for summary disposition under MCR 2.116(C)(10), a court may proceed under a subrule not cited by the moving party as long as neither party is misled. *Blair v Checker Cab Co*, 219 Mich App 667, 670-671; 558 NW2d 439 (1996). Defendants submitted documentary evidence in support of their motion and, in response, plaintiff also submitted documentary evidence and argued that there were genuine issues of material fact that precluded summary disposition. Because plaintiff also relied on documentary evidence and argued that summary disposition was inappropriate since the parties disagreed on the facts, the trial court did not err by considering the submitted evidence to determine whether summary disposition was

appropriate under Subrule (C)(10). See *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582; 794 NW2d 76 (2010) ("Where the parties rely on documentary evidence, appellate courts proceed under the standards of review applicable to a motion made under MCR 2.116(C)(10).") (citation omitted).

In *People v Wimberly*, 384 Mich 62, 68-69; 179 NW2d 623 (1970), the Michigan Supreme Court held that the traditional secrecy of grand-jury proceedings did not outweigh a defendant's entitlement to the testimony of grand-jury witnesses that touched on the defendant's guilt or innocence. If a prosecutor wanted to keep grand-jury records secret, a trial court must conduct an *in camera* inspection of the testimony that the prosecutor wished to remain secret. *Id*. at 69. The Court explained that a trial court has discretion to release any or all grand-jury testimony that is relevant to a defendant's guilt or innocence. *Id*. Thus, the discovery of grand-jury records is within the trial court's discretion. *Id*.

MCL 767.4a, MCL 767.6a, and MCL 767.19f provide for secrecy of grand-jury proceedings. MCL 767.6a also provides that the grand-jury record "shall be sealed and filed with the clerk of the court having jurisdiction[.]" MCR 6.107 sets forth procedures for a defendant to request grand-jury testimony and records that is relevant to the defendant's guilt or innocence.

MCR 6.107(A) provides:

> Whenever an indictment is returned by a grand jury or a grand juror, the person accused in the indictment is entitled to the part of the record, including a transcript of the part of the testimony of all witnesses appearing before the grand jury or grand juror, that touches on the guilt or innocence of the accused of the charge contained in the indictment.

MCR 6.107(B) sets forth the procedure by which the person accused in the indictment may obtain the grand-jury records:

> (B) Procedure to Obtain Records.
>
> (1) To obtain the part of the record and transcripts specified in subrule (A), a motion must be addressed to the chief judge of the circuit court in the county in which the grand jury issuing the indictment was convened.
>
> (2) The motion must be filed within 14 days after arraignment on the indictment or at a reasonable time thereafter as the court may permit on a showing of good cause and a finding that the interests of justice will be served.
>
> (3) On receipt of the motion, the chief judge shall order the entire record and transcript of testimony taken before the grand jury to be delivered to the chief judge by the person having custody of it for an in-camera inspection by the chief judge.
>
> (4) Following the in-camera inspection, the chief judge shall certify the parts of the record, including the testimony of all grand jury witnesses that touches on the guilt or innocence of the accused, as being all of the evidence bearing on that

issue contained in the record, and have two copies of it prepared, one to be delivered to the attorney for the accused, or to the accused if not represented by an attorney, and one to the attorney charged with the responsibility for prosecuting the indictment.

(5) The chief judge shall then have the record and transcript of all testimony of grand jury witnesses returned to the person from whom it was received for disposition according to law.

During plaintiff's criminal case, the prosecutor and plaintiff's trial counsel stipulated that the testimony of all grand-jury witnesses be delivered to plaintiff's attorney as provided by MCR 6.107(B)(4). The trial court also entered an order to that effect and documentation indicates that plaintiff was provided with copies of all witness testimony presented before the grand jury. Plaintiff was advised to contact the prosecutor if any discovery or transcript pages were missing. There is no indication that plaintiff claimed that anything was missing at the time of his criminal trial. Further, after plaintiff's criminal trial, his trial counsel sent plaintiff a letter informing him that all transcripts, police reports, and witness statements in counsel's possession had been sent to plaintiff and his family.

Contrary to what plaintiff asserts, the record does not indicate that the court in his criminal trial unsealed the grand-jury record and ordered that it be released to plaintiff. Plaintiff relies on a transcript from plaintiff's criminal trial in which the prosecutor and the codefendants' trial attorneys discussed discovery and exhibits. Not all of the attorneys had received certain items from the prosecutor. The officer-in-charge noted that he had the results of three polygraph tests that neither the prosecutors nor the defendants had received. The officer-in-charge offered to copy all of the material in his evidence book for distribution to the defendants. Polygraphs for codefendants Deon Coleman and Antwan McNeal were turned over to plaintiff's defense counsel. The trial court ordered the prosecutor to coordinate with the officer-in-charge to determine that all discovery had been turned over to the defendants. Plaintiff's evidence does not establish that the trial court ordered the grand-jury record to be unsealed. Rather, the trial court ordered the prosecutor and the officer-in-charge to confirm that evidence the prosecutor planned to admit at trial was given to the codefendants. Plaintiff's argument that the grand-jury record had been unsealed is not supported by the record.

Plaintiff further argues that the trial court erred by finding that a prior court had determined plaintiff received all of the grand-jury documents to which he was entitled. We disagree. During plaintiff's criminal trial, the prosecutor and plaintiff's trial counsel stipulated, and the trial court ordered, that transcripts of the grand-jury witnesses' testimony be delivered to plaintiff pursuant to MCR 6.107(B)(4). Here, plaintiff does not allege or present any evidence that he or his trial counsel ever requested, before or during his criminal trial, additional grand-jury records that should have previously been produced. Likewise, plaintiff did not raise any issues in his direct appeal of his criminal convictions that he was entitled to, and should have been granted access to, additional grand-jury records or transcripts. The trial court did not err by concluding that plaintiff had previously received the grand-jury documents to which he was entitled pursuant to MCR 6.107(B)(4).

In the instant case, plaintiff specified pages of transcripts and other exhibits that were part of a "separate record" that he claims he was entitled to receive but was never given, alleging that they would prove his innocence. MCR 6.107(B)(2) provides that to obtain grand-jury records or transcripts as described in MCR 6.107(A), a "motion must be filed within 14 days after arraignment on the indictment or at a reasonable time thereafter as the court may permit on a showing of good cause and a finding that the interests of justice will be served." The grand jury returned the indictment against plaintiff in September 1998, and plaintiff's preliminary examination was held in November and December 1998. Clearly, plaintiff did not file this motion for grand-jury materials within 14 days after arraignment.

Plaintiff's complaint for the grand-jury transcripts was filed on March 22, 2022, which does not satisfy the 14-day time-frame set forth in MCR 6.107(B)(2). Therefore, plaintiff must demonstrate that he requested the documents within "a reasonable time thereafter as the court may permit on a showing of good cause and a finding that the interests of justice will be served." MCR 6.107(B)(2).

Plaintiff claims that the requested documents would prove his innocence. "Good cause" has been defined as "a 'satisfactory,' 'sound or valid,' 'reason.'" *People v Buie*, 491 Mich 294, 319; 817 NW2d 33 (2012), quoting *Random House Webster's College Dictionary* (1997). If the documents proved plaintiff's innocence, the documents should have been given to plaintiff during his criminal trial pursuant to MCR 6.107(B)(4). Therefore, plaintiff has to show that the documents he requested touched on his guilt or innocence in order to establish good cause pursuant to MCR 6.107(B)(2).

Plaintiff fails to demonstrate that the materials he seeks touched on his guilt or innocence. Plaintiff relies on a portion of Denise Herrin's testimony in which she referred to a drawing, which plaintiff maintains would prove that he was not one of the gunmen. Herrin witnessed the shooting from her apartment window. She testified that the shooting was committed by four men, but she was unable to identify any of the men. The prosecutor asked her to draw the location of her apartment complex, her unit in the apartment complex, and the window where she witnessed the shooting. Although plaintiff complains that he did not receive a copy of Herrin's drawing, plaintiff fails to explain how the drawing was reasonably likely to prove his innocence, especially considering that Herrin admittedly was unable to identify any of the men involved in the shooting.

Plaintiff also relies on excerpts of McNeal's and Coleman's grand-jury testimony, in which they testified that they had taken a polygraph test, and complains that he never received their polygraph results. However, the index portion of the transcripts submitted by plaintiff does not indicate that any exhibits were marked or admitted. Moreover, the record indicates that the prosecutor gave the polygraph test results to all of the criminal defendants before trial, including plaintiff.

Plaintiff also offered an excerpt of Detective Nolan Gottschall's grand-jury testimony and alleged that a forensic report or a picture of the .16-gauge shotgun were missing from the grand-jury file. Again, however, the transcript excerpt that plaintiff presented indicates that there were not any exhibits marked or admitted. Plaintiff also argues that there were missing pages from the transcript of Alicia Scrugg's grand-jury testimony, but he fails to offer any argument or evidence that the missing pages, which involved a separate record, touched on plaintiff's guilt or innocence.

In sum, plaintiff failed to establish that the foregoing evidence touched on his guilt or innocence. Therefore, plaintiff failed to show good cause.

Even if plaintiff could establish good cause, he failed to establish that he made this request within a reasonable time. During plaintiff's criminal trial, his trial counsel had the opportunity to object to the grand-jury record that had been given to him, and his appellate counsel had the opportunity to appeal any perceived failure to provide all relevant grand-jury material to plaintiff. In plaintiff's prior action against the Oakland Circuit Court, plaintiff and defendant stipulated to the court in that case conducting another *in camera* inspection of the grand-jury records. Thus, plaintiff was granted two *in camera* inspections of the grand-jury record, both of which concluded that he was provided with the material to which he was entitled. Therefore, plaintiff failed to establish that this request was made within a reasonable time or for good cause as required by MCR 6.107(B)(2). The trial court did not err by dismissing plaintiff's attempt to force a third *in camera* review of the grand-jury file.

Finally, plaintiff argues that the Oakland County prosecutor's failure to provide him with the grand-jury file violated his due-process right to exculpatory evidence in the prosecutor's possession, contrary to *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963), in which the United States Supreme Court held that it is a violation of due process for the prosecution to suppress material evidence favorable to a defendant, regardless of the good faith or bad faith of the prosecution. To establish a *Brady* violation, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v Greene*, 527 US 263, 281-282, 119 S Ct 1936, 144 L Ed 2d 286 (1999).

In this case, however, plaintiff's civil complaint alleges that both defendants violated MCL 767.6a by not providing plaintiff with the grand-jury transcripts and records that he specified in his complaint. Plaintiff failed to establish that defendants did not comply with the statutes and court rules when plaintiff received the grand-jury materials at his criminal trial. Plaintiff also failed to establish that either defendant was in possession of the materials that plaintiff was seeking, that the materials he sought existed, or that the materials he sought were relevant to his guilt or innocence, much less that the evidence may have been exculpatory. Moreover, pursuant to MCL 767.6a, the clerk of the court, not the prosecutor, was charged with the duty to seal and file the grand-jury record. Plaintiff should have raised these issues to the trial court during his criminal trial as provided in MCR 6.107, or to this Court in his direct appeal of his criminal convictions. The trial court did not err by dismissing plaintiff's claims.

Affirmed.

/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola