Since we have determined that the hearing before the civil service commission with respect to charges 3 and 4 was null and void and of no effect and that we do not disturb the holding of the trial court that the evidence with respect to charges Nos. 1, 2, 5, 6, 8, 9 and 10 was insufficient to cause the removal of Chief Smith, we proceed to render the judgment which the Common Pleas Court should have rendered and disaffirm the order of removal of the Chief of Police of Mayfield Heights by the civil service commission and order him restored to all the emoluments of office lost to him thereby, and remand this cause to the Common Pleas Court to carry such judgment into effect.

The judgment of the Common Pleas Court is, accordingly, affirmed in part and reversed in part, and final judgment is rendered for the plaintiff, appellant herein.

*Judgment accordingly.*

SKEEL and HURD, JJ., concur.

IN RE GROBAN.

(No. 5111—Decided October 8, 1954.)

*Messrs. Graham, Graham, Hollingsworth, Gottlieb & Johnston,* for appellants.

*Mr. Frank H. Kearns,* prosecuting attorney, and *Mr. Earl W. Allison,* for appellee.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court, denying the appellants herein relief, on a writ of habeas corpus, from a prison sentence.

The record discloses that on January 22, 1954, a fire occurred on the premises of the Dresden Mills, Inc., Dresden, Ohio, which is owned, controlled and operated by the appellants Shortly thereafter, the State Fire Marshal started an investigation as to the cause of the fire and, pursuant to such investigation, subpoenaed the appellants, together with all the records pertaining to the operation of their business. They appeared in accordance with the subpoena, accompanied by their counsel. The State Fire Marshal refused to permit the appellants to have counsel present at the investigation and ordered that the appellants take an oath and testify, after excluding the presence of their counsel. The appellants refused to be sworn and testify, for the reason that they were not permitted to be represented by their attorney. Thereupon, the State Fire Marshal committed the appellants to the Sheriff of Franklin County, Ohio, to be incarcerated until they were willing to testify.

The error assigned is that the court erred in its interpre-

tation of Section 3737.13, Revised Code, and that its judgment is contrary to law. That section of the Code provides:

"Investigation by or under the direction of the fire marshal may be private. The marshal may exclude from the place where such investigation is held all persons other than those required to be present, and witnesses may be kept separate from each other and not allowed to communicate with each other until they have been examined."

The trial court held that under this section of the Code, the fire marshal has a discretionary power to determine whether his investigation shall be in private and, if so, that counsel for a witness may not be permitted to be present at the hearing. We think the court properly construed the code section under consideration. The law seems to be well established that where a statute is plain and unambiguous, the terms thereof shall be construed to have their ordinary meaning. It not only provides that the investigation may be private, but also it goes further and defines the meaning of the word "private," to wit, "the marshal may exclude * * * all persons other than those required to be present * * *." Clearly, counsel for a witness is not a person whose presence is required before a fire marshal may proceed with the investigation; hence, his presence may be denied, if so ordered by the marshal.

The next question presented is whether such statutory construction denies the appellants a right or privilege guaranteed to them by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 10, Article I of the Constitution of Ohio. The appellants' brief states that "it is a fundamental principle that the first ten Amendments to the federal Constitution are solely restrictions on the federal government and provide no limitations as to state governments." It states, however, that their interpretation should be valuable to the issues here by way of analogy. The cases cited, however, deal primarily with the principle of self-incrimination, which is not the issue in this case. It is not the contention of the appellee that the State Fire Marshal can compel a person called before him in an investigation to answer a question which would incriminate him. Therefore, the cases cited referring to these

amendments cannot be helpful in deciding the matter before this court.

We shall next give consideration to Section 10, Article I of the Ohio Constitution, which provides in part:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * *. No person shall be compelled, in any criminal case, to be a witness against himself * * *."

It is to be noted that the amendment refers only to criminal cases, but the right of a witness in other proceedings to assert the privilege has been upheld in numerous cases. 42 Ohio Jurisprudence, 48, Section 33. Therefore, whatever privileges are granted in criminal cases are also available to the appellants in this proceeding. It is merely an investigation for the purpose of determining the cause, origin and circumstances of the fire and whether or not a crime has been committed. The privilege is a personal one and does not extend to all questions which might be asked of a witness. The time for the assertion of the privilege is after the witness has been sworn, and not before. *State* v. *Cox*, 87 Ohio St., 313, 101 N. E., 135. Appellants refused to be sworn, and no questions were asked upon which the privilege could have been exercised. In the case of *Burke* v. *State*, 104 Ohio St., 220, 135 N. E., 644, the court held that a witness is presumed to know his constitutional privileges and that it was not necessary that he be instructed on the same before answering incriminating questions. At page 229 in the *Burke case*, Chief Justice Marshall said:

"It is claimed that Burke was not advised as to his constitutional rights, or cautioned against testifying to any matters which might tend to incriminate him. This privilege has always been treated as a personal privilege to be claimed by the interested party, and in the absence of his claiming the privilege, or refusing to testify, he will be deemed to have voluntarily testified. We know of no authority or rule of law which makes it obligatory upon the grand jury or the prosecutor in charge of the grand jury to advise the witness as to his constitutional rights and privileges, or to caution him in any respect. In this matter, as in all other matters, the witness will

be presumed to know the law and therefore will be presumed to have knowledge of his constitutional rights and guaranties, and if he does not claim them without being cautioned the presumption arises that his testimony was voluntarily given.''

If it was not obligatory upon those in charge of the grand jury to inform the witness of his privileges, it would not seem that the presence of his counsel could be demanded for this same purpose in a somewhat similar proceeding. The same constitutional principles should be applied to investigations by a fire marshal as to those by a grand jury. In the case of the latter it will be noted that the statute prescribes that the prosecutor may be present and interrogate witnesses or advise on legal matters, but counsel for a witness is necessarily excluded. The fire marshal's investigation is one step removed from that of the grand jury. If he finds that a crime has been committed, ''he shall furnish the prosecuting attorney such evidence with the names of the witnesses, and a copy of the material testimony taken in the case.'' Section 3737.10, Revised Code. The reason for secrecy before a grand jury is that it is in the furtherance of justice. 24 American Jurisprudence, 865, Section 47. And it is for the same reason that Section 3737.13, Revised Code, was enacted permitting the fire marshal to conduct private investigations.

We have examined the opinion of the trial court and are also in accord with the reasons assigned in denying the writ to the appellants.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and HORNBECK, J., concur.