UNIVERSITY OF HAWAII, a public body corporate, Plaintiff-Appellant, *v.* LEAHI FOUNDATION, a non-profit Hawaii corporation, Defendant-Appellee

NO. 5587

JULY 11, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA
AND MENOR, JJ., AND CIRCUIT JUDGE
SHINTAKU ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by the University of Hawaii, a public body corporate of the State of Hawaii.

Appellant instituted a proceeding in eminent domain[1] to condemn certain land and improvements owned by the Leahi Foundation,[2] a nonprofit Hawaii corporation, formerly Leahi Home (appellee). On the question of whether the appellant

---

[1] *See* HRS § 101-14.

[2] Leahi Foundation is an eleemosynary corporation chartered by the Territory of Hawaii in 1901. It operated facilities commonly known as "Leahi Hospital" or "Tuberculosis Hospital" primarily as a tuberculosis sanatorium from approximately 1915 to January 1, 1969, when the State of Hawaii took over the operation under an agreement with the foundation. Prior to assuming control over the administration of the hospital, the Territorial and State governments, beginning in 1945, contributed considerable amounts of money for the operation and maintenance, as well as for the purchase of equipment and the construction of facilities for the hospital. The substantial financial contributions were in response to requests for assistance by the foundation made to the government.

was entitled to a credit of $1,500,000.00, to be deducted from the condemnation award, the trial court held that the appellant was entitled to a credit of no more than $333,870.00.

We modify the trial court's judgment as hereinafter stated.

### ISSUE

Resolution of the appeal depends upon the construction of Section 4, Act 276, Session Laws of Hawaii 1945, which provides:

Section 4. There is hereby also appropriated from said general fund the sum of one million five hundred thousand dollars ($1,500,000.00) for the construction of additional buildings, and the repair of present buildings, of Leahi Home, Honolulu, and equipment for the same, provided, however, that this appropriation is made upon the express condition, which shall be deemed to have been accepted by the trustees of Leahi Home if they accept any of the benefits of said appropriation, that in case the Territory or the city and county should desire to acquire any of the Leahi Home premises, any amount of money expended from said appropriation for permanent improvements shall constitute a credit against the purchase price or the amount otherwise required to acquire said premises.

In its Findings of Fact and Conclusions of Law, the trial court stated, *inter alia,* as follows:

A. Findings of Fact:

1. The funds provided under Act 276 were expended for the construction of buildings and purchase of equipment as follows:

Parcel A: $738,351.97, of which amount $612,349.79 were expended for permanent improvement and $126,002.18 were expended for equipment.

Parcel 1: $616,747.70, of which amount $545,755.73 were expended for permanent improvement and $70,991.97 were expended for equipment.

Parcels 2 and 4: $144,900.33, of which amount $117,387.05 were expended for permanent improvement and $27,513.28 were expended for equipment.

2. The value of the properties condemned are as follows:

| Land | $1,429,600.00 |
|---|---|
| Improvements | 512,050.00 |
| Total | $1,941,650.00 |

B. Conclusions of Law:

1. The court has considered the language of Act 276 (1945), the legislative history, and events transpiring since 1945, including changes in social and health conditions. The passage of time and the changed situation have reduced the significance of legislative history and *rather than be bound by the strict language of the Act,* and disregard the events transpiring since the Act's passage, that is, the passage of some 25 years of time, the changed situation of the parties and the social situation in the community, . . . the court has weighed all these factors to *reach an equitable result,* and concludes that the contentions of the Defendant Leahi Foundation are well founded. (Emphasis added.)

2. The Defendant [appellee] is entitled *to receive as compensation* . . . the amount agreed to be the fair market value of the land and improvements as of January 27, 1972, less the credit amount ($333,870) which shall be the value of the buildings on those parcels as of the same date, constructed with funds provided under Act 276 (1945), such compensation being the amount of $1,607,780.

3. The Defendant Foundation is further entitled *to receive* interest (blight of summons) at 5 per cent as follows:
. . .

In our opinion, the terms of Act 276 are plain, direct, and unambiguous. The Act unequivocally states:

[*A*]*ny amount* of money expended from said appropriation for permanent improvements *shall constitute a credit* against the purchase price or the amount otherwise required to acquire said premises. (Emphasis added.)

The provision states with clarity that whatever amount that is expended from the appropriated funds for permanent

improvements, that amount shall constitute a credit against the purchase price or the amount required to acquire the appellee's properties. The fair market value of the condemned premises has no relevancy in determining the amount of credit to which the appellant is entitled. And in our opinion, in the context of this case, the term "permanent improvements" as used in Act 276 does not include any equipment, whether affixed to a building or movable.

We strongly disagree with the conclusion of the trial court that passage of time, change in the social and health conditions of the community, and "the changed situation of the parties", without more, empower the trial court to disregard the strict language of the Act (276).

We are of the opinion that there is nothing in the legislative acts or history, before or after the passage of Act 276, which amends or modifies the plain, clear and unambiguous terms of Act 276.

Though the trial court's desire to effectuate an "equitable result" is understandable, we are bound by the plain, clear and unambiguous language of Act 276. *Tighe v. City & County of Honolulu*, 55 Haw. 420, 424, 520 P.2d 1345, 1348 (1974); *Twentieth Century Furniture, Inc. v. Labor and Industrial Relations Appeal Board*, 52 Haw. 577, 579-80, 482 P.2d 151, 152-53 (1971); *In re Appeal of Harper*, 52 Haw. 313, 317, 475 P.2d 53, 55 (1970).

We therefore conclude that the appellant is entitled to the following credit, being the sums expended by the appellee out of the funds of Act 276 for permanent improvements, against the value ($1,941,650.00) of the condemned properties of appellee:

Parcel 1: $545,755.73
Parcels 2 and 4: $117,387.05

However, in reference to Parcel A, we are of the opinion that the appellant is entitled to a credit herein of only the specific amount expended for permanent improvements on Parcel A prior to the date of conveyance of Parcel A by the

appellee to the appellant.[3] This is so, for the simple reason that the amount of the appropriated funds expended for permanent improvements on Parcel A after the conveyance of the parcel to the appellant constitutes a value, a benefit or a credit already received by the appellant. An obvious injustice would occur if appellant is allowed a double credit for a portion of the amount expended on Parcel A. Therefore, a proper division must be made of the amount of $612,349.79 expended for permanent improvements on Parcel A.

Thus, we remand this case to the court below for further proceedings in accordance with this opinion, including proper modifications of the blight of summons damages and the entry of the necessary judgment as modified.

*Arthur K. Goto,* Special Deputy Attorney General, for plaintiff-appellant.

*Gary L. Wixom (Case, Stack, Kay, Clause and Lynch* of counsel) for defendant-appellee.

---

[3] Section 1(a), item 14, Act 209, S.L.H. 1947, provides:

14. Tuberculosis Hospital, Honolulu, structures and improvements to land ........................................... $2,800.000

(This appropriation is subject to the unconditional conveyance by Leahi Hospital to the Territory of Hawaii of a suitable site, and shall not be expended unless said site is so conveyed. The commissioner of public lands is hereby authorized to accept said conveyance, and the board of health is hereby authorized to assume jurisdiction over the improvements for which this appropriation is made and the site thereof, and to enter into a revocable license agreement for the management thereof by Leahi Hospital, the true intent and meaning of the foregoing being that Leahi Hospital shall not acquire or have any vested right in the improvements so constructed or the site thereof.)