In the Matter of FITISEMANU MOE, Deceased

NO. 6429

OCTOBER 8, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

614

OPINION OF THE COURT BY LUM, J.

We resolve a conflict of interpretations regarding Rule 6(e) of the Hawaii Rules of Criminal Procedure (1960),[1] which governs secrecy and disclosure of criminal grand jury proceedings, in a hearing involving the attorney general for the State of Hawaii and the prosecuting attorney for the City and County of Honolulu.

Following a grand jury investigation relative to the death of Fitisemanu Moe, the prosecuting attorney filed a motion in the circuit court requesting that a copy of the transcript of such grand jury investigation be made available to him. The court denied his request, upholding the position of the attorney general that, under the circumstances of this case, the

---

[1] Rule 6(e) does not differ significantly from its successor appearing in Rule 6(e)(1) of the Hawaii Rules of Penal Procedure (1977).

prosecuting attorney was not entitled to a copy of such transcript. This appeal was then perfected by the prosecuting attorney. A careful review of the positions taken by the opposing parties leads us to conclude that the trial judge was correct in his ruling.

I.

On June 30, 1976, Mr. Fitisemanu Moe died while in the custody of arresting police officers. After hearings to determine the facts surrounding Mr. Moe's problematic demise. the grand jury of the first circuit returned no indictments. Presumably because of the public interest in the case, the attorney general for the State of Hawaii appointed three private attorneys as special deputies to investigate the cause of Mr. Moe's death and to reexamine the evidence presented to the grand jury.

On July 30, 1976, these deputies filed an ex parte petition to obtain the grand jury transcript. After a hearing, Circuit Judge Walter Heen granted the petition but imposed strict conditions on the use of these records. To preserve the integrity of the grand jury, Judge Heen stipulated that:

There will be only one original (transcript) made and no copies. The original is to be delivered to the clerk of the Twelfth Division for safekeeping. The deputies may withdraw the original for their examination and return it to the clerk upon completion of the examination. The deputies are not to copy or allow anyone to copy the transcript, in toto or in part. The deputies are not to divulge the contents of said transcript, in toto or in part, to any other person or persons. except for the Attorney General of the State of Hawaii and the Assistant Attorney General. No other person or persons shall be allowed access to the transcript by the Clerk or the deputies. Upon completion of the report to the Attorney General, the special deputies shall no longer be allowed access to the transcript.

On November 3, 1976, the special deputies completed their mission and submitted their findings to the attorney

general. They concluded that the grand jury's prior "no bill" was justified and suggested that no further criminal actions be pursued absent the discovery of new evidence. Their findings were published the following day.

Immediately thereafter, the prosecuting attorney for the City and County of Honolulu, whose deputy had represented the government at the grand jury proceedings, sought to obtain a copy of the transcript. He first sought to obtain Judge Heen's permission to get the transcript from the court reporter through correspondence.[2] Failing that, he filed a motion. In the hearing before Judge Heen, the prosecuting attorney argued that under Rule 6(e), he is automatically entitled to any grand jury transcript so long as he confirms that it is needed in the performance of his duties. Without a more specific statement of need, Judge Heen could find no justification to breach the secrecy of the grand jury's proceedings, particularly since an indictment had not been returned. He, therefore, denied the motion.

II.

The circuit court has supervisory powers over grand jury proceedings to insure the integrity of the grand jury process and the proper administration of justice. See Sapienza v. Hayashi, 57 Haw. 289, 292-93, 554 P.2d 1131, 1134-35 (1976). See also HRS § 612-16. A grand jury is a constituent part of the court or branch of a court having general criminal jurisdiction. People v. Sheridan, 349 Ill. 202, 181 N.E. 617 (1932); Hitzelberger v. State, 173 Md. 435, 196 A. 288 (1937); State v. Haines, 18 N.J. 550, 115 A.2d 24 (1955). A grand jury acts in connection with and under general instruction from the court to which it is attached and it is under the general supervision and control of such court. State v. Schwab, 109 Ohio St. 532, 143 N.E. 29 (1924); Commonwealth v. Hubbs, 137 Pa. Super. 229, 8 A.2d 611 (1939); People v. Superior Court of Santa

---

[2] See the circuit court file for the series of letters exchanged between the prosecuting attorney and Judge Heen.

*Barbara County,* 13 Cal.3d 430, 531 P.2d 761, 119 Cal.Rptr. 193 (1975).

In furtherance of justice, the policy of the law requires secrecy of grand jury proceedings. *See Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211 (1979); *Piracci v. State,* 207 Md. 499, 115 A.2d 262 (1955); *People v. Pichitino,* 337 Mich. 90, 59 N.W.2d 100 (1953), *cert. denied,* 347 U.S. 913 (1954); *State ex rel. Clagett v. James,* 327 S.W.2d 278 (Mo. 1959); *State v. Konigsberg,* 33 N.J. 367, 164 A.2d 740 (1960); *In re Groban,* 99 Ohio App. 512, 135 N.E.2d 477 (1954), *aff'd.* 164 Ohio St. 26, 128 N.E.2d 106 (1955), *aff'd.* 352 U.S. 330 (1957).

Maintaining the confidentiality of grand jury proceedings protects several important interests of the government and of private citizens: (1) First, if preindictment proceedings were conducted publicly, individuals who learned of their possible indictment might flee the jurisdiction or attempt to tamper with the grand jurors or witnesses appearing before them. (2) Persons with information about crimes would be less willing to appear voluntarily and to speak fully and frankly, knowing that the individuals about whom they testify would be aware of that testimony. (3) The rule of secrecy avoids injury to the reputation of those persons accused of crimes whom the grand jury does not indict. (4) Finally, it encourages the grand jurors to investigate suspected crimes without inhibition and to engage in unrestricted deliberations. *See Douglas Oil Co. v. Petrol Stops Northwest, supra* at 219; *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 681 n. 6 (1958); *United States v. Malatesta,* 583 F.2d 748, 752 (5th Cir. 1978), *modified on other grounds,* 590 F.2d 1379 (1979) (en banc), *cert. denied,* 440 U.S. 962 (1979); *United States v. Howard,* 569 F.2d 1331, 1335 (5th Cir. 1978), *cert. denied,* 439 U.S. 834 (1978).

The foregoing discussion is a necessary prelude to our interpretation of Rule 6(e):

(e) *Secrecy of Proceedings and Disclosure. Disclosure of matters occurring before the grand jury other than its* deliberations and the vote of any juror *may be made to the attorneys for the government for use in the performance of their duties.* Otherwise a juror, attorney, interpreter or

the reporter may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. No obligation of secrecy may be imposed upon any person except in accordance with this rule. The court may direct that an indictment shall be kept secret until the defendant is in custody or has given bail, and in that event the clerk shall seal the indictment and no person shall disclose the finding of the indictment except when necessary for the issuance and execution of a warrant or summons. (Emphasis added.)

Statutes are to be construed with reference to the whole system of law of which they form a part. *State v. Russell*, 62 Haw. 474, 617 P.2d 84 (1980).

In the instant case, the record reveals that the death of Moe generated considerable public concern and interest. The grand jury after its investigation of his death and consideration of evidence presented to them by the deputy prosecuting attorney, returned a "no bill." The attorney general then appointed a blue-ribbon panel of private attorneys as special deputies to examine the evidence presented to the grand jury. The panel did not have automatic access to the transcript; they did not seek to invoke Rule 6(e) as the prosecutor was to have done later; they applied to the court for a copy and particularized their needs to the satisfaction of the judge, who granted the request but imposed restrictive conditions to protect the secrecy of the grand jury.

The prosecuting attorney took a tack different from that of the attorney general, who is also an "attorney for the government."[3] The prosecutor argues that he is entitled to automatic access to the transcript so long as he states that it is "for

---

[3] Rule 54(c) *Application of Terms*. As used in these rules the term . . . . "Attorney for the government" means the Attorney General, the prosecuting attorney, a county attorney, an authorized assistant or deputy of any of them,. . . ."

use in the performance of their (his) duties." When asked by the court to particularize his need for the transcript, he insists that under Rule 6(e), he is not required to do so. We hold that under the circumstances of this case, his position is tenuous and inconsonant with the integrity of the grand jury process and the proper administration of justice, *Sapienza v. Hayashi, supra,* especially in light of the fact that no indictment was returned by the grand jury.

The clear wording of the statute does not support the prosecutor's position. The language provides that "disclosure . . . *may be made* to the *attorneys for the government* for use in the performance of their duties. . . ." (Emphasis added.) The court is bound by the plain, clear and unambiguous language of a statute. *University of Hawaii v. Leahi Foundation,* 56 Haw. 404, 537 P.2d 1190 (1975).

Since the circuit court has supervisory powers over grand jury proceedings to preserve the integrity of the grand jury process and the proper administration of justice, we hold that concomitant with such supervisory powers the court is vested with discretion to withhold the availability of grand jury transcripts to attorneys for the government as the circumstances dictate. In our opinion, the word "may" appearing in the rule is a recognition of such discretion.

When the court asks the prosecutor to particularize his needs for the transcript, we hold that under the circumstances of this case, it was incumbent for him to do so; otherwise, the trial judge could not intelligently weigh the needs of the prosecutor against the needs of the grand jury process or consider the need of imposing any restrictions and conditions, if necessary, to insure secrecy of the proceedings.

We find that the trial judge did not abuse his discretion.

Accordingly, the judgment is affirmed.

*Arthur E. Ross (Randolph R. Slaton* and *Roy K. S. Chang* on the briefs), Deputy Prosecuting Attorneys, for appellant.

*Larry L. Zenker,* Assistant Attorney General, for appellee.