STATE OF HAWAII, Plaintiff-Appellee, *v.* STEPHEN SAKODA, Defendant-Appellant

NO. 7687

OCTOBER 27, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by the appellant who was convicted in the District Court of the Third Circuit of the offense of leaving the scene of an accident in violation of Hawaii Revised Statutes (HRS) § 291C-13.

The single issue raised on appeal is whether conviction under HRS § 291C-13 is proper when there is evidence that personal injury resulted from a motor vehicle accident.

We think not and reverse appellant's conviction.

The evidence shows that Appellant Sakoda's vehicle struck the vehicle being driven by Duane Lewis. In the auto with Lewis were his wife and infant. Their vehicle was totally damaged and both Mr. & Mrs. Lewis were injured. There is further evidence that the appellant, a police officer, drove away from the scene of the accident. He did not give his name or submit his license to Lewis nor did he offer assistance to any of the victims. Appellant was subsequently charged under HRS § 291C-13 and § 291C-14. The prosecuting attorney, operating under the impression that prosecution could not be had under both sections, elected to prosecute under HRS § 291C-13 only. The trial court ruled that prosecution

under HRS § 291C-13 was properly invoked even though personal injury was involved.

> THE COURT . . . I read section 291c-13 in conjunction with 14 and 12 and to my mind, I cannot see 13 was meant to be a lesser of the offense between it and 12. And the word "only" in damage to property — the word "only" in this case seems to me just to indicate what the lesser punishment would be. And that would not indicate that there has been no offense committed if there is also some property — also some personal injury involved.

Transcript, p. 92.

Appellant argues the conviction under HRS § 291C-13 was improper in that it was the wrong statute to apply to motor vehicle accidents resulting in personal injury. We agree.

The relevant portion of the statute in question reads:

> § 291C-13 *Accidents involving damage to vehicle or property.* The driver of any vehicle involved in an accident resulting *only* in damage to a vehicle or other property which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident or as close thereto as possible, but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 291C-14. . . . (Emphasis added.)

HRS § 291C-14 comprises the duty to give information and render aid. It imposes certain duties on the drivers of automobiles involved in accidents resulting in personal injury and property damage. Its relevant provisions state:

> § 291C-14 *Duty to give information and render aid.* The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any other person shall give his name, address, and the registration number of the vehicle he is driving, and shall upon request and if available exhibit his license or permit to drive . . . and shall render to any person injured in the accident reasonable assistance. . . .

We find no ambiguity in the wording or intent of the statute. Prosecution under HRS § 291C-13 is proper

whenever there is a motor vehicle accident that results only in damage to property. Conviction under the statute constitutes a misdemeanor. In a motor vehicle accident resulting in personal injury to any of the parties, prosecution is properly brought under HRS § 291C-12,[1] conviction under which constitutes a felony. To find otherwise is to stretch the meaning of the statute far beyond its limited application. By law, we are bound by the plain, clear and unambiguous language of the statute. *University of Hawaii v. Leahi Foundation*, 56 Haw. 404, 407, 537 P.2d 1190, 1193 (1975). *In the Matter of FITISEMANU MOE, Deceased*, 62 Haw. 613, 617 P.2d 1222 (1980).

Accordingly, the judgment is reversed.

*Steven K. Christensen* for defendant-appellant.

*Stanford H. Masui*, First Deputy Prosecuting Attorney, County of Hawaii, for plaintiff-appellee.

---

[1] *See*, HRS § 291C-12 *Accidents involving death or personal injury.* (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.