DAVID BASQUE, dba WESTERN STORE-KONA
*v.* YUK LIN LIAU, aka Y. L. SAM LIAU, and ELLA LIAU.

No. 4649.

JUNE 3, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY LEVINSON, J.

The plaintiff-appellant brought an action against the defendants-appellees, adjoining landowners, for damages to the plaintiff's store caused by leakage from a broken sewer pipe, running from the defendants' home to a cesspool on the plaintiff's land. The trial court held for the defendants on the ground that the statute of limitations barred the claim. It failed to make a specific finding on the issue of the defendants' alleged negligence. We remand the case for a finding on the issue of negligence and determination of the statute of limitations issue under *Yoshizaki* v. *Hilo Hosp.,* 50 Haw. 150, 433 P.2d 220 (1967).

The plaintiff purchased the land involved in this case from the defendants in 1956. The defendants reserved an easement to run a sewer line from their house on the adjoining lot to any cesspool the plaintiff might construct. The plaintiff's land sloped downward from the defendants' lot to the street level. In 1957, the plaintiff regraded his lot, cutting the slope at the dividing line and leaving a drop of about sixteen feet. After leveling the lot, the plaintiff constructed a store six feet from the line dividing the two parcels and built a fire wall along the side next to the dividing line. The plaintiff filled four feet of the sixteen foot drop between the dividing line and the fire wall.

The defendants installed a sewer line two feet below ground level on their lot, resting on the fill on the plaintiff's lot, and connected with the plaintiff's cesspool. The plaintiff covered the sewer line with about two feet of leaves and cut grass. In 1958, the plaintiff filled a portion of the area, about two feet high, with twelve or thirteen stones. In 1961, the defendants, with the plaintiff's permission, filled in the rest of the drop to the level of their property.

Later in 1961, the plaintiff's store began to tilt and the plate glass cracked. A short time later, the plaintiff noticed a black, smelly substance coming through the retaining wall. In 1962 or 1963, he called the Board of Health and complained about seepage through the fire wall, but nothing was done. The plaintiff conducted a thorough investigation of the store in 1963 and discovered that the tile wall was cracked, that sewage and water were coming through the wall into the store, and that the store was sagging.

In response to further complaints by the plaintiff to the Board of Health, Board officials suggested to the defendants that they dig up their sewer line. In January, 1966, the defendants dug up the line and found that a pipe had cracked at a joint. Corrosion indicated that the break had occurred long before it was uncovered.

The trial court failed to make an express finding on the precise cause of the break. It held for the defendants on the ground that the statute of limitations barred the claim. It is unclear whether it held that the statute had begun to run when the pipe was broken or when damage became apparent. Application of either test would be erroneous. See *Yoshizaki* v. *Hilo Hosp.*, *supra*.

In *Yoshizaki*, we construed R.L.H. 1955, § 241-7, which applies to cases of injury to property as well as to injury to persons.[1] On appeal in this case, the defendants argued that *Yoshizaki* should not be extended to cases involving injury to real property.

---

[1]§ 241-7. *Damage to persons or property*. Actions for the recovery of compensation for damages or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after.

Although there are factual differences between actions to recover damages to persons and property, they are insufficient to justify a different construction of the same statute.

As we have indicated in *Yoshizaki*, there are two justifications for statutes of limitation: the presumption that people do not voluntarily delay in prosecuting genuine claims, and it is unfair to force a person to defend an action where the passage of time may result in death of witnesses, destruction of documents, or fading memories. But as we have heretofore noted, where the plaintiff did not know or have reasonable grounds to know that he had a claim,

> [a] basic reason underlying statutes of limitation is nonexistent; the plaintiff has not delayed *voluntarily* [or negligently] in asserting [his] claim. 50 Haw. 154, 433 P.2d at 223 (emphasis added) .

The very strong policy in favor of adjudication of claims on the merits is no weaker in cases involving injury to real property than in cases involving personal injuries.

Therefore, on remand, the trial court must determine when the plaintiff knew or in the exercise of reasonable care should have discovered that an actionable wrong has been committed against his property.

On remand, the court should make a finding on the issue of the defendants' alleged negligence in the breaking of the sewer line. It should also consider the possibility that the defendants knew or in the exercise of reasonable care should have known, prior to the time they dug up their sewer line in January 1966, that it was broken. If they knew or reasonably should have known of the break, they may have been guilty of a distinct tort each time they used the plumbing facilities.

Remanded for further proceedings.

*L. N. Nevels, Jr. (Steven K. Christensen* with him on the brief, *Nevels and Chang* of counsel) for plaintiff-appellant.

*Robert E. Bethea (Carlsmith, Carlsmith, Wichman and Case* of counsel) for defendants-appellees.