HERMENEGILDO AGUSTIN, et al., Plaintiffs-Appellants, *v.* DAN OSTROW CONSTRUCTION CO., INC., et al., Defendants-Appellees

NO. 7041

CIVIL NO. 53068

DECEMBER 2, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

OPINION OF THE COURT BY LUM, J.

In this appeal, the issue is whether plaintiffs-appellants' suit is barred by the statute of limitations under § 657-8,[1] Hawaii Revised Statutes. The circuit court dismissed plaintiffs-appellants' com-

___

[1] § 657-8 *Limitation of action for damages based on construction to improve real property.* No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of any condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against the owner of the real property or any other person having an interest therein or in the improvement or against any registered or duly licensed person performing or furnishing professional or licensed

plaint, ruling that § 657-8 barred their claims. We disagree and reverse for reasons set forth herein.

Plaintiffs-appellants are homeowners (Homeowners). In 1977, they filed a complaint in the circuit court against Dan Ostrow Construction Co., Inc. (Contractor) and other unidentified defendants for damages based on both contract and tort claims. Their complaint alleges that in 1968, their homes were built by Contractor as part of a construction project; that the construction contract required Contractor to use corrosion-resistant nails; and that nine years later in 1977, shingles from the roofs of Homeowners' houses began falling off, which led to the discovery that non-corrosion-resistant nails were used in constructing the roofs.

## I.

HRS § 657-8 (1976 & Supp. 1980) prohibits any suit from being brought to recover damages for personal or property injury "arising out of any condition of an improvement to real property," unless it is instituted not more than "two years after the cause of action has accrued, but in any case not more than six years after the completion of the improvement. . . ."

This immunity provision means that regardless of when a cause of action accrues, an "outside" limitation of six years would bar any complaint from being filed more than six years after completion of the improvement. *See* Stand. Comm. Rep. No. 707-74, 7th Hawaii Leg., 2d Gen. Sess., *reprinted in* 1974 House Journal 822.[2]

---

services in the design, planning, supervision, or observation of construction or construction of the improvement to real property more than *two years after the cause of action has accrued, but in any event not more than six years after the completion of the improvement* except that this provision shall not apply to surveyors for their own errors in boundary surveys. This section shall not apply to actions for damages resulting from the negligent conduct of the owner of the real property or any other person having an interest therein or in the improvement in the repair or maintenance of the improvement. (Emphasis added.)

Act 133, 1972 Haw. Sess. Laws, additionally provided that:

*This Act does not affect rights and duties that matured, penalties that were incurred, and proceedings begun, before its effective date.* (Emphasis added.)

[2] The apparent intent of the drafters of the original provision, enacted in 1967, was to set a cut-off point at which certain classes of individuals connected with the

It would therefore appear that Homeowners' suit is barred by the outside limitation period of six years. The homes in question were completed in 1968 and suit was not filed until 1977, approximately nine years later. However, our attention is focused upon Section 2, Act 133, Session Laws of Hawaii 1972, which we hold governs the disposition of this appeal.

## II.

Act 133, Session Laws of Hawaii 1972, amended HRS § 657-8 to lower the period after which suit would be barred from ten years to six years from the performance or furnishing of services.[3] Accompanying this amendment was a "savings clause" in Section 2 of Act 133, which provided that "[t]his Act does not affect *rights and duties that matured,* penalties that were incurred, and proceedings begun, before its effective date." (Emphasis supplied.)[4] By this provision, the legislature manifested its intent to give the amended § 657-8 prospective effect only, without disturbing rights, duties, penalties and proceedings in effect before May 20, 1972. Consequently, Homeowners' suit would not have been barred by the

---

construction of improvements would be shielded from liability for injuries arising therefrom. "Future liability, without a statute of limitation when all physical improvements to real estate by their nature are subject to deterioration and normal wear and tear, imposes an undue and unfair burden." Stand. Comm. Rep. No. 790, 4th Hawaii Leg., lst Gen. Sess., *reprinted in* 1967 House Journal 781.

[3] The original version of HRS § 657-8 provided that suit had to be brought no more than two years after the cause of action had accrued, but not more than ten years after the performance or furnishing of services. *See* Act 194, 1967 Haw. Sess. Laws 203.

[4] A similar savings clause appeared in Act 73, Session Laws of Hawaii 1974, which further amended HRS § 657-8 to bring it into conformity with our decision in Fujioka v. Kam, 55 Haw. 7, 514 P.2d 568 (1973). In Fujioka, we held § 657-8 unconstitutional as violative of the Equal Protection Clause in including only certain classes of persons within its immunity provisions, *e.g.,* architects and contractors, to the exclusion of others with no rational basis for such distinction. The legislature consequently expanded the statute's coverage to include owners of real property and others having an interest therein, and also attempted to clarify another portion of the statute.

We observe, therefore, that the savings clause tacked onto the 1974 amended version of § 657-8 is not relevant here as the 1974 amendment did not affect Homeowners' ability to sue Contractor.

six-year limitation if they had rights that had matured prior to May 20, 1972. Instead, their action would be governed by the 1967 version of HRS § 657-8, and be allowed to proceed as having been brought within ten years of the furnishing and performance of services in question.

Contractor, however, argues that Homeowners' claim *accrued* more than six years after construction of their homes was completed and that the 1974 version of the statute operates to bar their claim. In oral argument, Contractor contended that the words "matured" and "accrued" appearing in § 657-8 have the same meaning. By this interpolation, Contractor is able to conclude that Homeowners had no matured rights because their injuries had not been discovered on or before May 29, 1974, and therefore that the bar of § 657-8 as amended in 1974 applies to their claim.

We disagree. At the outset, we note that the crucial savings clause in this case is that which appeared in 1972, as opposed to that which was added with the 1974 amendment, as Homeowners' improvements were built and completed after the enactment of the original statute in 1967 but prior to the 1972 amendment.[5] More importantly, however, we do not read the words "matured" and "accrued" to have the same meaning and legal effect. To reach our conclusion, we are aided by several presumptions. Words or phrases used in two or more sections of a statute are presumed to be used in the same sense throughout, *Rodrigues v. State*, 52 Haw. 156, 472 P.2d 509 (1970), but by the same token, different words in a statute are presumed to have different meanings. Additionally, the legislature is presumed to know the law when enacting statutes, and we must presume that the legislature knew of the definition we assigned to the word "accrued" in *Yoshizaki v. Hilo Hospital,* 50 Haw. 150, 433 P.2d 220 (1967), at the time it amended § 657-8 in 1972.

In *Yoshizaki,* we defined the word "accrued" as it appears in Hawaii's statutes of limitation to mean that the statute does not begin

---

[5] *See supra* note 4.  This is so even though the version of § 657-8 that ultimately governs this suit is that which was in effect in 1977 when Homeowners filed their complaint, because, as will be discussed *infra,* the events which are relevant to determining whether Homeowners' suit is barred occurred in 1968 when the homes were being constructed.

to run until the plaintiff knew or should have known of defendant's negligence. *Id.* at 154, 433 P.2d at 223; *see Waugh v. University of Hawaii,* 63 Haw. 117, 621 P.2d 957 (1980); *Basque v. Yuk Lin Liau,* 50 Haw. 397, 441 P.2d 636 (1968). Thus, the rule of discovery controls the question of when the running of the limitation period is triggered.

If the legislature intended to ascribe to the 1972 savings clause the results of *Yoshizaki,* we must presume that it would have used "accrued" in place of "matured" therein.[6] Not having done so, we conclude that a different meaning was intended. Being bound by the plain meaning of statutory language, *see State v. Sylva,* 61 Haw. 385, 388, 605 P.2d 496, 498 (1980); *University of Hawaii v. Leahi Foundation,* 56 Haw. 404, 407, 537 P.2d 1190, 1193 (1975), we conclude that § 657-8 would not bar Homeowners' complaint if Homeowners had acquired any rights against Contractor prior to the effective date of the 1972 amendments, regardless of whether they had discovered or should have discovered the construction defect complained of at that time.

We hold that when Contractor committed the act complained of, his action was not free from legal consequences. On the contrary, Homeowners acquired a cause of action against Contractor for damages, except that, for reasons that are obvious, the cause of action by necessity remained dormant or inchoate. Nevertheless, from the date of Contractor's misfeasance in 1968, Homeowners had a right to sue Contractor. It is this matured right that was not disturbed by subsequent amendments to § 657-8.

We conclude it was error for the trial court to dismiss Homeowners' claim.

We need not reach the constitutional issue raised by Homeowners.

Reversed and remanded for action consistent herewith.

*Daral G. Conklin (Joseph Schneider* and *George T. Aoki* with him on the briefs, *Conklin & Schneider,* a Law Corporation, of counsel) for plaintiffs-appellants.

*Jerrold Y. Chun (Richard C. Sutton, Jr.,* with him on the brief,

---

[6] We take note that the word "accrued" appears no less than fourteen times in Hawaii's statutes of limitation, HRS Ch. 657.

*Hamilton, Gibson, Nickelsen, Rush & Moore,* of counsel) for defendant-appellee Dan Ostrow Construction Co., Inc.

CONCURRING OPINION OF NAKAMURA, J.

I concur in the result reached by the majority.