210 P.3d 1

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Rollie Dumasig ESPINOSA,
Defendant–Appellant.**

No. 29094.

Intermediate Court of Appeals of Hawai'i.

April 30, 2009.

Taryn R. Tomasa, Deputy Public Defender, State of Hawai'i, on the briefs, for Defendant–Appellant.

Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for Plaintiff–Appellee.

WATANABE and FUJISE, JJ.; with RECKTENWALD, C.J., concurring separately.

1. The Honorable Lono J. Lee presided.

Opinion of the Court by WATANABE, J.

Defendant–Appellant Rollie Dumasig Espinosa (Espinosa) appeals from the judgment filed in the District Court of the First Circuit, Honolulu Division[1] (district court) on March 5, 2008, convicting him of street solicitation of prostitution in violation of Hawaii Revised Statutes (HRS) § 712–1207 (Supp. 2008) and sentencing him to serve thirty days in jail.

HRS § 712–1207 currently provides, as it did at the time Espinosa was accused of violating the statute, in relevant part, as follows:

> **Street solicitation of prostitution; designated areas.** (1) It shall be unlawful for any person within the boundaries of Waikiki and while on any public property, to offer or agree to engage in sexual conduct with another person in return for a fee.
>
> (2) It shall be unlawful for any person within the boundaries of other areas in this State designated by county ordinance pursuant to subsection (3), and while on any public property, to offer or agree to engage in sexual conduct with another person *in return for a fee.*
>
> (3) Upon a recommendation of the chief of police of a county, that county may enact an ordinance that:
>
> > (a) Designates areas, each no larger than three square miles, as zones of significant prostitution-related activity that is detrimental to the health, safety, or welfare of the general public; or
> >
> > (b) Alters the boundaries of any existing area under paragraph (a); provided that not more than four areas may be designated within the State.
>
> . . . .
>
> (8) For purposes of this section:
>
> "Area" means any zone within a county that is defined with specific boundaries and designated as a zone of significant prostitution by this section or a county ordinance.
>
> "Public property" includes any street, highway, road, sidewalk, alley, lane, bridge, parking lot, park, or other property

owned or under the jurisdiction of any governmental entity or otherwise open to the public.

"Sexual conduct" has the same meaning as in section 712–1200(2).

"Waikiki" means that area of Oahu bounded by the Ala Wai canal, the ocean, and Kapahulu avenue.

(9) This section shall apply to all counties; provided that if a county enacts an ordinance to regulate street solicitation for prostitution, other than an ordinance designating an area as a zone of significant prostitution-related activity, the county ordinance shall supersede this section and no person shall be convicted under this section in that county.

(Emphasis added.)

The evidence adduced at Espinosa's bench trial showed that on or about February 29, 2008, Espinosa approached an undercover police officer who was posing as a prostitute on the corner of Kukui and ʻAʻala streets in Honolulu. That corner, which is public property, is located within an area that had been designated by county ordinance pursuant to HRS § 712–1207(3) as a zone of "significant prostitution-related activity that is detrimental to the health, safety, or welfare of the general public[.]" Thus, pursuant to HRS § 712–1207(2), it was unlawful "to offer or agree to engage in sexual conduct with another person in return for a fee" in that area.

The evidence further revealed that Espinosa offered to pay the undercover officer forty dollars to engage in "anything, everything[,]" which the officer testified was "street vernacular for oral sex and sexual intercourse." Based on this offer, Espinosa was arrested for and charged with street solicitation of prostitution in violation of HRS § 712–1207.

At the close of the prosecution's case, Espinosa orally moved to dismiss the charge against him on grounds that HRS § 712–1207 does not apply to patrons of prostitution. The district court denied the motion to dismiss and found Espinosa guilty as charged.

On appeal, Espinosa raises two arguments:

(1) HRS § 712–1207 does not apply to patrons of prostitution; and

(2) There was insufficient evidence to support his conviction.

It is unnecessary for us to address Espinosa's second argument because we agree with Espinosa that based on the clear and unambiguous language of HRS § 712–1207, the offense of street solicitation of prostitution can only be committed by a person who offers or agrees to engage in sexual conduct with another person in a prohibited area "in return for a fee." Therefore, it is only the recipient of the fee, and not the payor of the fee, who can commit the offense. In accord, *State v. Wilbur*, 110 Wash.2d 16, 749 P.2d 1295, 1296 (1988).

We note parenthetically that HRS § 712–1207(2) contains language that is almost identical to HRS § 712–1200(1) (Supp.1984), the statute which formerly defined the offense of prostitution as follows: "A person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person *in return for a fee*." (Emphasis added.) In *State v. Tookes*, 67 Haw. 608, 699 P.2d 983 (1985), the Hawaiʻi Supreme Court held that the prohibition in HRS § 712–1200(1)[2] "is triggered by a sale of sexual services by a man or a woman." *Id.* at 614, 699 P.2d at 987. The supreme court also observed that the prohibition was gender-neutral, but even if it "were deemed to set up a gender-based classification, it would be invalid only if it did not serve important governmental objectives and was not substantially related to achieving those objectives." *Id.* at 614, 699 P.2d at 988. The statute did not violate the federal and state constitutional guarantees of equal protection of the laws, the supreme court concluded, because "[t]he decision to target punishment on the seller of a prohibited ser-

---

2. In *Tookes*, which was issued in 1985, the Hawaiʻi Supreme Court quoted HRS § 712–1200(1) as providing as follows: "A person commits the offense of prostitution if *he* engages in, or agrees or offers to engage in, sexual conduct with another person in return for a fee." (Emphasis added.) The language quoted appears to be the original version of HRS § 712–1200(1), enacted in 1972. In 1981, HRS § 712–1200(1) was amended to substitute the more gender neutral term "the person" for the word "he." The HRS 1984 supplement already contained this revision.

vice, whose profit motivation could lead him or her to violate the law more frequently than potential customers, easily satisfies this standard." *Id.*

In 1990, the legislature amended HRS 712–1200(1) to delete the phrase "in return" that preceded the phrase "for a fee" so that subsection (1) now reads: "A person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person for a fee." 1990 Haw. Sess. Laws Act 204, § 1 at 442. In reporting on Senate Bill No. 1110, the bill that was enacted as Act 204, both the Senate and House Judiciary committees noted, in relevant part, that the purpose of the bill was to amend HRS § 712–1200 "to make it clear that the customer of a prostitute is also guilty of the offense of prostitution[.]" S. Stand. Comm. Rep. No. 325, in 1989 Senate Journal, at 946; H. Stand. Comm. Rep. No. 1205–90, in 1990 House Journal, at 1316.

HRS § 712–1207 was enacted in 1998, after the *Tookes* decision and Act 204's amendment to HRS § 712–1200(1). We conclude that by including the phrase "in return for a fee" in HRS § 712–1207(2), the legislature intended to exclude a patron of a prostitute, such as Espinosa, from criminal liability under that statute.

Therefore, we reverse the judgment filed in the district court on March 5, 2008.

Concurring Opinion by RECKTENWALD, C.J.

I concur in the result, but write separately because I believe that HRS § 712–1207 (Supp.2008) is ambiguous with regard to whether it applies to the patron who offers to pay the fee. The meaning of the phrase "in return" contained in HRS § 712–1207 on its face is unclear.

However, HRS § 712–1207 must be read in pari materia with HRS § 712–1200(1). *See Bauernfiend v. AOAO Kihei Beach Condominiums,* 99 Hawai'i 281, 283, 54 P.3d 452, 454 (2002); HRS § 1–16 ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other."). As discussed in the majority opinion, the 1990 amendment to the text of § 712–1200(1), and the discussion in the accompanying legislative history about the purpose of that amendment, reflects the legislature's intent that the deletion of the phrase "in return" was needed in order to "make it clear" that the statute applied to the patron.

HRS § 712–1207 was subsequently enacted in 1998, and includes the phrase "in return." Given the legislative history of HRS § 712–1200(1), the inclusion of the phrase "in return" in HRS § 712–1207 reflects legislative intent not to extend the prohibition of the statute to the patron. *See Agustin v. Dan Ostrow Const. Co., Inc.,* 64 Haw. 80, 83, 636 P.2d 1348, 1351 (1981) (noting that "the legislature is presumed to know the law when enacting statutes"). Thus, the circuit court erred in denying the motion for judgment of acquittal, and the result reached by the majority is correct.