**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000657
07-JUN-2023
07:52 AM
Dkt. 62 SO**

NO. CAAP-21-0000657

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBSON R. PARO, Claimant-Appellant-Appellant,
v.
HAWAII HOME MANAGEMENT & CLEANING SERVICE LLC,
Employer-Appellee-Appellee,
and
FIRST INSURANCE COMPANY OF HAWAII, LTD.,
Insurance Carrier-Appellee-Appellee

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2021-130 and DCD NO. 2-20-45502)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Claimant-Appellant-Appellant Robson R. **Paro** appeals from the **Decision and Order** filed by the Labor and Industrial Relations Appeals Board (**LIRAB**) on October 20, 2021. For the reasons explained below, we affirm.

Paro was employed by Employer-Appellee-Appellee Hawaii Home Management & Cleaning Service LLC. He was injured while working on July 14, 2020. He made a claim for workers compensation benefits. The Department of Labor and Industrial Relations (**DLIR**) Disability Compensation Division conducted a hearing on April 27, 2021. The Director of the DLIR concluded that Paro's injury was not compensable. The Director's **Decision**

was filed and mailed to Paro on August 6, 2021. The Decision stated, in part:

> APPEAL: This decision may be appealed by filing a written notice of appeal with the Director of Labor and Industrial Relations or the Director's county representative within twenty days after a copy of this decision **has been sent**.

(Emphasis added.)

August 26, 2021 was the twentieth day after the Decision was filed and mailed.[1] Paro filed a notice of appeal on August 27, 2021. LIRAB filed an order to show cause why the appeal should not be dismissed as untimely. Paro filed a response. Citing the Merriam-Webster dictionary, he stated that the word "sent" is the past participle of "send," and that a past participle "typically expresses **completed action**[.]" He claimed to have received the Decision on August 9, 2021, which was when the "sending" of the Decision was completed. Thus, he argued, the director's Decision was "sent" on August 9, 2021, and his August 27, 2021 notice of appeal was timely.

A hearing on the order to show cause was held on October 14, 2021.[2] LIRAB's Decision and Order was filed on October 20, 2021. LIRAB found and concluded that "[t]he Director's decision was dated and sent to the parties on August 6, 2021" and Paro's notice of appeal was filed "on August 27, 2021, one (1) day after the due date for filing of August 26, 2021." LIRAB dismissed Paro's appeal.

This appeal followed.

"Appellate review of a LIRAB decision is governed by the provisions of the Hawaiʻi Administrative Procedure Act relating to judicial review of agency action." Ihara v. State Dep't of Land & Nat. Res., 141 Hawaiʻi 36, 41, 404 P.3d 302, 307 (2017) (citations omitted). The Act provides, in relevant part:

---

[1] Pursuant to Rule 201 of the Hawaii Rules of Evidence, we take judicial notice that August 26, 2021 was a Thursday, and not a state holiday. See Hawaii Revised Statutes § 8-1.

[2] The record on appeal does not contain a transcript of the hearing.

Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:

(1)    In violation of constitutional or statutory provisions;

(2)    In excess of the statutory authority or jurisdiction of the agency;

(3)    Made upon unlawful procedure;

(4)    Affected by other error of law;

(5)    Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6)    Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

HRS § 91-14(g) (Supp. 2019).

LIRAB's Decision and Order was based upon Hawaii Revised Statutes (**HRS**) § 386-87(a) (2015).  The statute provides, in relevant part:

(a)    A decision of the director shall be final and conclusive between the parties, except as provided in section 386-89, unless within twenty days after a copy ***has been sent*** to each party, either party appeals therefrom to the appellate board by filing a written notice of appeal with the appellate board or the department.

(Emphasis added.)  The issue on appeal is: when is a decision of the director "sent" for purposes of HRS § 386-87(a)?

"It is well-established that when a statute's language is plain and unmistakable, the court is bound by the plain, clear and unambiguous language of the statute."  State v. Mortensen-Young, 152 Hawaiʻi 385, 396, 526 P.3d 362, 373 (2023) (cleaned up).  Accordingly, we first examine the plain, clear, and unambiguous meaning of the word "sent."  According to the Merriam-Webster dictionary, *sent* is the "past tense and past

participle of SEND[.]"[3]  Synonyms for *sent* include *transmitted* and *dispatched*.[4]  Antonyms for *sent* include *received*.[5]  Thus, under the plain meaning of HRS § 386-87(a), the director's decision is "sent to each party" when it is transmitted or dispatched — mailed — by the DCD to each party, not when it is actually received by any party.

Paro argues that because subsection (d) of HRS § 386-87 uses the word "mailing" to describe when various other deadlines begin to run,[6] the word "sent" in subsection (a) must mean something other than "mailed."  See Agustin v. Dan Ostrow Const. Co., 64 Haw. 80, 83, 636 P.2d 1348, 1351 (1981) ("[D]ifferent words in a statute are presumed to have different meanings.").  Paro's argument lacks merit.  The director's decision is *sent* to the parties under HRS § 386-87(a) when it is *transmitted* or *dispatched* by the DCD, which could include — but is not limited to — *mailing* by the DCD.  But requiring that the decision actually be *received* by any party to be considered *sent* by the DCD contradicts the plain, clear, and unambiguous language of HRS § 386-87(a).

---

[3]     Sent, Merriam-Webster, https://www.merriam-webster.com/dictionary/sent (last visited May 31, 2023).

[4]     Sent, Merriam-Webster, https://www.merriam-webster.com/thesaurus/sent (last visited May 31, 2023).

[5]     Sent, Merriam-Webster, https://www.merriam-webster.com/thesaurus/sent (last visited May 31, 2023).

[6]     HRS § 386-87(d) (2015) provides:

> (d)    In the absence of an appeal and within thirty days after **mailing** of a certified copy of the appellate board's decision or order, the appellate board may, upon the application of the director or any other party, or upon its own motion, reopen the matter and thereupon may take further evidence or may modify its findings, conclusions or decisions.  The time to initiate judicial review shall run from the date of **mailing** of the further decision if the matter has been reopened.  If the application for reopening is denied, the time to initiate judicial review shall run from the date of **mailing** of the denial decision.

(Emphasis added.)

LIRAB's combined finding and conclusion that the Director's Decision was sent to Paro on August 6, 2021, is supported by substantial evidence in the record, is not clearly erroneous, and reflects a correct application of HRS § 386-87(a). LIRAB's combined finding and conclusion that Paro's notice of appeal was filed "on August 27, 2021, one (1) day after the due date for filing of August 26, 2021" is also supported by substantial evidence in the record, is not clearly erroneous, and reflects a correct application of HRS § 386-87(a). Accordingly, LIRAB's Decision and Order filed on October 20, 2021, is affirmed.

DATED: Honolulu, Hawaiʻi, June 7, 2023.

On the briefs:

Leighton K. Lee,
for Claimant-Appellant-
Appellant Robson R. Paro.

Gary N. Kunihiro,
Christine J. Kim,
Raquelle A. Pendleton,
for Employer-Appellee-
Appellee Hawaii Home
Management & Cleaning
Services LLC and First
Insurance Company
of Hawaii, Ltd., Insurance
Carrier-Appellee-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge